UNITED STATES of America ex rel. Albert SPADER, Plaintiff,

v.

Warren W. WILENTZ, Jr., Prosecutor of Middlesex County, New Jersey, located in New Brunswick, New Jersey, et al., Defendants.

No. 3-60.

United States District Court
D. New Jersey.
Jan. 4, 1960.

SMITH, Chief Judge.

This matter is before the Court on a paper addressed to the Court by one Albert Spader, an inmate of the State Penitentiary at Graterford, Pennsylvania. The paper is entitled "Motion for Capias and Prosecution," and was verified before a notary public. The said Spader alleges generally a depriva-

tion of his civil rights, but it is difficult to determine whether he seeks to redress a civil wrong or to cause the arrest of the Prosecutor of the Pleas of Middlesex County; however, since he seems to rely on Sections 241 and 242 of Title 18 U.S.C.A., we assume that this is intended to initiate a criminal prosecution.

The paper, treated as a complaint in a criminal proceeding, fails to meet the requirements of Rules 3 and 4 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. It is defective in two respects: (1) it fails to set forth the essential facts constituting an offense under either Sections 241 or 242, supra; and (2) as a complaint it was not "made upon oath before a commissioner or other officer empowered to commit persons charged with offenses against the United States." The cited rules must be read together, and when so read it is clear that their requirements must be met before a warrant for arrest may issue.

The cited rules were interpreted by the Supreme Court in the case of Giordenello v. United States, 357 U.S. 480, 485, et seq., 78 S.Ct. 1245, 1249, 2 L.Ed. 2d 1503. It was therein stated: "Criminal Rules 3 and 4 provide that an arrest warrant shall be issued only upon a written and sworn complaint (1) setting forth 'the essential facts constituting the offense charged,' and (2) showing 'that there is probable cause to believe that [such] an offense has been committed and that the defendant has committed it * * *.' The provisions of these Rules must be read in light of the constitutional requirements they implement. The language of the Fourth Amendment, that ' * * * no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing * * * the persons or things to be seized * * *,' of course applies to arrest as well as search warrants. (Citations omitted.) The protection afforded by these Rules, when they are viewed against their constitutional background, is that the inferences from the facts which lead to the complaint ' * * * be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.' * * * The purpose of the complaint, then, is to enable the appropriate magistrate, here a Commissioner, to determine whether the 'probable cause' required to support a warrant exists."

It is essential that the criminal complaint be made on oath before a judicial officer "empowered to commit persons charged with offenses," because it is he who "must judge for himself the persuasiveness of the facts relied upon by" the complainant "to show probable cause. He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime." Giordenello v. United States, supra. It is equally essential that the complaint set forth with particularity the facts alleged to constitute a crime. Ibid.

We note that the allegations contained in the paper now before the Court were made on oath before a notary public. This does not satisfy the requirements of the Rules. This, as we hereinabove indicated, is not the only fatal defect. The complainant does not set forth facts alleged to constitute the crime. There are general allegations that he was unlawfully arrested, detained, and thereafter surrendered to the authorities of the State of Pennsylvania. These allegations represent the mere conclusions of the complainant and may not be accepted as allegations of fact. The conduct of the enforcement officials is presumed to be legal in the absence of particular allegations from which it can be inferred that it was probably illegal. The determination must be made by the judicial officer before a warrant of arrest may issue, and the determination may be made only upon the facts presented.

The paper requests the issuance of "a capias on the Prosecutor of Middlesex County, New Jersey, et al." The Prosecutor of the Pleas of Middlesex County is named in the caption, but there is no factual allegation from which it may even be inferred that he, under color of his office, deprived the complainant of any right guaranteed him by the federal constitution. The persons identified as "et al." are not named or otherwise sufficiently described. There is a general reference to the Police Department of the City of South Amboy, and to the Middlesex County Jail, but nothing more. There is a general allegation that the complainant was "subject to the most inhuman treatment," but this allegation, like the others, is not supported by any factual statement.

 The cited Rules of Criminal Procedure, supra, were particularly designed to protect the constitutional rights of persons accused of crime. These rules must, therefore, be strictly enforced. Where, as here, a public official is charged with a violation of a person's civil rights, a complaint should be entertained and a warrant issued only upon persuasive evidence "that there is probable cause to believe that an offense has been committed and that" the person accused "has committed it." If the rule were otherwise, every enforcement official would be exposed to vexatious arrests for the violations of Sections 241 and 242 of Title 18 U.S.C.A., on the complaint of the numerous defendants who feel aggrieved by their arrest, conviction and imprisonment. There would result an unwarranted interference with the normal functions of the officers of the law who are charged with the duty of enforcement. We might add that we take judicial notice that the district courts are besieged by numerous applications for writs of habeas corpus which are clearly without merit.

We recognize that the present imprisonment of the complainant may prevent his appearance before a duly authorized judicial officer. However, he is not without an adequate remedy, and of this he is fully aware, because he states in his letter that he has "made a complaint to the United States Department of Justice, Washington, D. C." We think it safe to assume that the Attorney General or the appropriate United States Attorney, under the direction and supervision of the Attorney General, will process the complaint, conduct such investigation as may be necessary, and, if the evidence warrants, institute the appropriate proceedings under the remedial statutes.

 The complainant asserts neither a claim for damages nor a claim for equitable relief, but we nevertheless treat the paper as an attempt to invoke the civil jurisdiction of the Court under Section 1343 of Title 28, as amended. We so treat the paper because of his request for leave to proceed in forma pauperis. The requested leave must be denied for two reasons: first, there are no verified allegations which will support a determination that he is without funds to prosecute the action; and second, the allegations of the purported complaint, considered in the light most favorable to the complainant, will not support a determination that he may have a meritorious cause of action. Meek v. City of Sacramento, D.C., 132 F.Supp. 546, and the cases therein cited.

It Is Ordered, on this 4th day of January, 1960, that the application for the issuance of a capias be, and it hereby is, denied for the reasons hereinabove stated; and,

It Is Further Ordered that the request to proceed in forma pauperis be, and it hereby is, denied for the reasons hereinabove stated.