Edward P. KEENAN, Jr., Plaintiff,
Appellant,

v.

George F. McGRATH et al., Defendants,
Appellees.

No. 6291.

United States Court of Appeals
First Circuit.

March 9, 1964.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

Edward P. Keenan, Jr., a prisoner confined in the Massachusetts Correctional Institution at South Walpole, asks this court to appoint counsel to prosecute his appeal from an order of the United States District Court for the District of Massachusetts dismissing a complaint filed by him *pro se* in that court. An examination of the record discloses that although his complaint was docketed as a civil action, Keenan alleges therein that "the nature of his action is on the Criminal Side," and this assertion is supported by the fact that Keenan does not ask for any civil remedy, such as damages or an injunction, but instead charges the de-fendants, who are correctional officers of the Commonwealth, with conspiring to deprive him of rights and privileges secured to him by the Constitution or laws of the United States in violation of Title 18 U.S.C. § 241 and interfering with the mail in violation of §§ 1700, 1701 and 1708 id. The court below, treating the complaint as seeking criminal prosecution of officers of the Commonwealth of Massachusetts, dismissed it on the ground that it had not been made upon oath before a United States Commissioner or other officer empowered to commit persons charged with federal offenses, and for the further reason that it did not appear from the complaint that there was probable cause to believe that the defendants had committed any offense under federal law. Keenan was allowed to appeal *in forma pauperis*.

Not only are we unaware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in a United States District Court, but also to sanction such a procedure would be to provide a means to circumvent the legal safeguards provided for persons accused of crime, such as arrest by an officer on probable cause or pursuant to a warrant, prompt presentment for preliminary examination by a United States Commissioner or other officer empowered to commit persons charged with offenses against the United States, and, in this case, indictment by a grand jury.

Seeing no possible merit whatsoever in this appeal, we shall deny Keenan's petition for appointment of counsel and *sua sponte* affirm the order of the court below as in Joyce v. United States, 1 Cir., 327 F.2d 531, and Suarez v. United States, 1 Cir., 328 F.2d 473.

Judgment will be entered affirming the order of the District Court.