**UNITED STATES of America**

v.

**Clarence SWANNER.**

**Cr. No. 12111.**

United States District Court
E. D. Tennessee, S. D.
Nov. 20, 1964.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff.

O. W. McKenzie, Dayton, Tenn., for defendant.

FRANK W. WILSON, District Judge.

The defendant was charged in a five-count indictment with the possession and sale of non-taxpaid whiskey, Counts One and Two charging such possession and sale upon July 30, 1964, Counts Three and Four charging such possession and sale upon July 31, 1964, and Count Five charging the defendant with possession only upon September 9, 1964, the date of the defendant's arrest. This case was heard by the Court upon November 17, 1964, upon the defendant's motion to suppress evidence alleged to have been obtained by an illegal search, the motion to suppress being directed only to the Fifth Count of the indictment. The evidence sought to be suppressed was the testimony of officers with regard to finding 23 gallons of non-taxpaid whiskey upon the defendant's premises in the course of a search conducted incident to the arrest of the defendant. Under the evidence here presented, the legality of the search is wholly dependent upon the legality of the arrest. It was the contention of the defendant that the arrest was illegal and that therefore the subsequent search was likewise illegal. The Court overruled the motion to suppress at the time of the hearing and the cause proceeded to trial as to all counts. The jury returned a verdict of guilty upon all counts.

In view of the apparent prevalance of the practice of using "John Doe" arrest warrants and in view of the dearth of authority upon the use of such warranties by federal officers, the Court has deemed it appropriate to file this opinion in support and explanation of its action in overruling the defendant's motion to suppress.

The evidence upon which this motion must be decided is largely undisputed. It appears that upon September 9, 1964, a federal and a state alcohol tax officer went together to the defendant's residence to execute a warrant of arrest upon a charge of possessing and selling non-taxpaid whiskey upon July 30 and July 31, 1964. The warrant on its face described the subject to be arrested as "John Doe alias Bud Ferguson". The officer executing the warrant of arrest testified that while acting as an undercover agent upon July 30 and 31, 1964, the defendant was the person who sold whiskey to him and that the transaction occurred at the defendant's residence. The defendant's name was not known to the officer at that time nor at the time the complaint was filed by him to obtain a warrant of arrest, but it appears that he had some reason to believe he may have been named "Bud Ferguson" and because

of this uncertainty of the defendant's name, the warrant was taken out in the name of "John Doe alias Bud Ferguson". In using this alias it was the stated intention of the officer to describe the defendant, whatever his true name might turn out to be. Upon the basis of the warrant describing the defendant as "John Doe alias Bud Ferguson" the officer proceeded to execute the warrant by arresting the defendant, whose true name subsequently became known to the officer as Clarence Swanner. There was no evidence that the defendant had ever been known by the name of Bud Ferguson or that he had ever been known by any name other than Clarence Swanner.

The issue here presented is whether the description in the warrant of the subject of the arrest as "John Doe alias Bud Ferguson," when coupled with the subjective knowledge or intention of the officer executing the warrant as to the person intended to be described in the warrant, is sufficient to constitute a valid warrant and to render the arrest of the defendant thereon a valid arrest.

The provisions of the Fourth Amendment of the Constitution of the United States declare that

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The provisions of the Fourth Amendment apply to warrants of arrest as well as to search warrants. It is well established that general warrants of arrest, as well as blank warrants, violate the constitutional requirement for particularity in the description of the person to be arrested. 5 Am.Jur.2d, Arrest, Sec. 9.

It is likewise provided by Rule 4(b)(1), Federal Rules of Criminal Procedure, 18 U.S.C., as follows:

"Warrant. The warrant shall be filed by the commissioner and shall contain the name of the defendant or, if his name is unknown, any name or description by which he can be identified with reasonable certainty. It shall describe the offense charged in the complaint. It shall command that the defendant be arrested and brought before the nearest available commissioner."

The issuance of warrants in the fictitious name of "John Doe" appears to be permissible under statutes or practice of some states, where a particular person is in fact intended, such person known by sight but not by name. See "The Tennessee Law of Arrest," 2 Vand.L.Rev. 509. However, in the federal practice the use of such fictitious names without more would clearly violate not only the language of Rule 4(b), Federal Rules of Criminal Procedure, but would likewise fail to meet the requirements of the Fourth Amendment of the United States Constitution. Some further description of the person intended to be designated by the warrant would be required. United States v. Interbartolo, 192 F.Supp. 587 (U.S.D.C., Mass. 1961); United States v. $1058.00 in U. S. Currency, 210 F.Supp. 45 (U.S.D.C., Pa. 1962). Where a name that would reasonably identify the subject to be arrested cannot be provided, then some other means reasonable to the circumstances must be used to assist in the identification of the subject of the warrant.

The warrant here involved sought to further describe the subject of the warrant by including the possible name or alias of "Bud Ferguson". However, the record reflects that the defendant had never been known or called by that name and was not himself a party to the officer obtaining this misnomer. While it might with reason be contended that the constitutional prohibition of general warrants would be met if a particular person was in fact intended and the Court might look to the knowledge and intent of the officer issuing the warrant or the officer serving the warrant in

making a determination of whether a particular person was intended and what particular person was intended, the issue appears to be decided otherwise in the case of West v. Cabell, 153 U.S. 78, 14 S.Ct. 752, 38 L.Ed. 643 (1894). There the Supreme Court held that a warrant for the arrest of a person of a certain name, i. e. "James West", not otherwise designating or describing him, would not justify the arrest of a person who had never been known or called by that name, bearing rather the name of Vandy M. West, irrespective of the intention of the issuing officer that Vandy M. West was in fact the person designated as the subject of the warrant. The Court there in effect held that the validity of the warrant must be tested from the identifying information on the face of the warrant and that testimony of the intention of the issuing officer could not be considered in determining whether the defendant was in fact intended to be the subject of the warrant.

Having failed to sustain the validity of the arrest upon the warrant here involved, it is nevertheless the insistence of the Government that the arrest would have been valid without a warrant in that the defendant was arrested for a felony committed in the presence of the arresting officer.

■■■■ In the absence of an applicable federal statute, the validity of an arrest without a warrant by a federal officer would be controlled by the law of the state where the arrest took place. United States v. DeRi, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210; United States v. Viale, 312 F.2d 595 (C.C.A. 2d, 1963) cert. den. 373 U.S. 903, 83 S.Ct. 1291, 10 L.Ed.2d 199. The officer here effecting the arrest was a criminal investigator with the Alcohol Tax Unit of the Internal Revenue Service. The authority of such an officer to accomplish an arrest without a warrant is expressly provided for by Section 7608(b) of Title 26 of the United States Code which empowers such agents to

"  *  *  *  make arrests without warrant for any offense against the United States relating to the internal revenue laws committed in his presence, or for any felony cognizable under such laws if he has reasonable grounds to believe that the person to be arrested has committed or is committing any such felony *  *  *."

The possession and sale by the defendant of non-taxpaid whiskey to the internal revenue agent while acting in an undercover capacity upon July 30 and 31, 1964, would constitute felonies committed in the presence of the officer. The fact that the arrest was not made until September 9, 1964, would not prevent the officer from having the authority conferred upon him by statute to make an arrest for a felony committed in his presence without a warrant. The lapse of time between the commission of the felony in the officer's presence and the making of the arrest, so that the officer may have had an opportunity to obtain a warrant of arrest, does not prevent the officer from making a lawful arrest without a warrant. Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; DiBella v. U. S., 284 F.2d 897 (C.C.A. 2d, 1960); Williams v. U. S., 273 F.2d 781 (C.C.A. 9, 1959). As stated by the Court in Trupiano v. United States, supra,

"  *  *  *  The absence of a warrant of arrest, even though there was sufficient time to obtain one, does not destroy the validity of an arrest under the circumstances. Warrants of arrest are designed to meet the dangers of unlimited and unreasonable arrests of persons who are not at the moment committing any crime. Those dangers, obviously, are not present where a felony plainly occurs before the eyes of an officer of the law at a place where he is lawfully present. Common sense then dictates that an arrest in such situation is valid despite the failure to obtain a warrant of arrest."

Although the warrant of arrest was not valid for the reasons stated above, it does appear that the arrest without a warrant would be lawful in this case under the facts here presented and the statute here relied upon. The arrest of the defendant therefore being lawful, the search incident thereto would likewise be lawful, no issue otherwise existing with regard to the reasonableness of the search. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L. Ed.2d 327.

The Court is therefore of the opinion that the defendant's motion to suppress the evidence of 23 gallons of non-taxpaid whiskey obtained as a result of the search of the defendant's premises upon September 9, 1964, was properly overruled and the conviction of the defendant thereon must stand.

An order will enter accordingly.

United Sttes District Judge