**Joseph BROWN, Plaintiff,**

**v.**

**Robert DUGGAN et al., Defendants.**

**Misc. No. 5239.**

United States District Court,
W. D. Pennsylvania.

July 15, 1971.

---

## MEMORANDUM AND ORDER

McCUNE, District Judge.

Joseph Brown, an inmate of the State Correctional Institution at Graterford, Pennsylvania,[1] has addressed two documents to this Court. One is captioned "Criminal Complaint" and the other is a Petition to Proceed in Forma Pauperis. The "Criminal Complaint" alleges that the complainant's defense counsel and the District Attorney of Allegheny County conspired to obtain complainant's conviction. Complainant asks for relief in the form of the arrest of his former defense attorney, service of a summons on the District Attorney and lastly, $5,000.00 damages. The authority cited by the complainant as the basis for jurisdiction is 18 U.S.C.A. §§ 241, 242.[2]

1. We retain the petition for action since the incidents alleged in the complaint occurred in this jurisdiction.

2. 18 U.S.C.A. § 241 Conspiracy against rights of citizens.
   "If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, * * * they shall be fined not more than $10,000 or imprisoned not more than ten years, or both. . . ."
   
   *     *     *     *     *

Although the inclusion of the prayer for money damages clouds the issue, we conclude that what is before us is an attempt to initiate a criminal proceeding. We will disregard the prayer for money damages since the cited sections do not allow for civil recovery.[3] Complainant's inclusion of this prayer can be viewed as an understandable error.

Commencement of a criminal proceeding is governed by Rules 3 and 4 of the Federal Rules of Criminal Procedure. Rule 3 sets forth the requirements for a valid pre-arrest complaint.[4] Rule 4 describes the circumstances under which a warrant or summons shall issue.[5] The document here submitted falls short of the Rule 3 requirements for a valid complaint. It does not state the "essential facts constituting the offense charged"[6] and though it is sworn to, the oath was administered by a notary public not by an "officer empowered to commit persons charged with offenses against the United States."[7]

The interpretation to be given Criminal Rules 3 and 4 was set out by the Supreme Court in Giordenello v. United States, 357 U.S. 480, 485–486, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). There the Court pointed out that Rules 3 and 4 were to be read so as to afford Fourth Amendment protection.[8] Bearing this in mind, we hold that the requirements of Rules 3 and 4 must be strictly complied with so as to preclude the mischief which would result if arrest warrants were issued upon less than substantial grounds. Casual accusations cannot be the basis for a person's being deprived of his liberty. The criminal process of the courts shall be invoked only if the complaining party goes before an officer having power to order persons committed for offenses against the United States. Before such an officer the complainant shall swear to the allegations of his complaint. The impor-

---

§ 242 Deprivation of rights under color of law.

"Whoever, under color of any law, statute, ordinance, regulation, or custom, wilfully subjects an inhabitant of any State, * * * to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both . . . ." 18 U.S.C.A. §§ 241, 242.

3. Among the more recent cases holding that these sections establish no basis for a civil cause of action are, Brzozowski v. Randall, 281 F.Supp. 306, 310 (E.D.Pa.1968) and Pugliano v. Staziak, 231 F.Supp. 347, 348–49 n. 2 (W.D.Pa.1964), aff'd, 345 F.2d 797 (3d Cir. 1965).

4. Rule 3, The Complaint. "The Complaint is a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a commissioner or other officer empowered to commit persons charged with offenses against the United States."

5. Rule 4, Warrant or Summons Upon Complaint. "(a) Issuance. If it appears from the complaint or from an affidavit or affidavits filed with the complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue to any officer authorized by law to execute it. Upon the request of the attorney for the government a summons instead of a warrant shall issue. More than one warrant or summons may issue on the same complaint. If a defendant fails to appear in response to the summons, a warrant shall issue."

6. Fed.R. of Crim.P. 3.

7. Id.

8. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrant shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S.Const., amend. IV.

tance of personal appearance is apparent both from the Fourth Amendment and Rule 4. The officer receiving the complaint must make a determination of probable cause, and in the event he finds probable cause he is *required* under Rule 4 to issue criminal process, *i.e.*, to order the person of the accused seized.[9] Prior to his exercising this power, the issuing officer is required to personally examine the complainant with regard to both the information contained in the complaint and the source of that information.[10]

■ Inquiry into the question of probable cause (Rule 4) is not really necessary under the instant complaint, for as noted above it does not state the essential facts constituting a violation of 18 U.S.C.A. §§ 241, 242. The complaint states that the various defendants conspired to obtain complainant's conviction, but there are no factual allegations to support this accusation. The complaint does state some facts but these all relate to the complainant's former defense counsel. It is alleged that defense counsel caused the complainant to plead guilty by telling him that the District Attorney had eye witnesses to the crime when in fact there were no eye witnesses. There is no allegation that the District Attorney was a party to this representation. From these allegations we conclude that although the District Attorney is named as a defendant, the complaint accuses defense counsel alone. We hold further that the actions of an individual attorney are not carried out under the color of law.[11]

Our requirement that the complainant meet the requirements of Criminal Rules 3 and 4 is not unreasonable. The Fourth Amendment rights of attorneys and public prosecutors are entitled to the same degree of protection as the rights of other persons. To enable convicted persons to cause arrest warrants to issue against prosecutors and defense counsel on loosely drafted complaints creates obvious dangers. If investigation is required, a complaint should be addressed to the United States Attorney who is charged with the duty of investigating bona fide criminal activity.[12]

■ We do not believe our action in this case is similar to a sua sponte dismissal of a Civil Rights Complaint. It is therefore not necessary for us to make a determination that the complaint is frivolous or malicious, 28 U.S.C.A. § 1915(d). The petition to proceed in forma pauperis is denied and the complaint is ordered dismissed.[13]

It is so ordered.

---

9. See note 5, *supra.*

10. Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).

11. See Pugliano v. Staziak, *supra*, note 1, 231 F.Supp. at 351 n. 5. If the complainant believes he was treated improperly by his defense counsel, we think his grievance should best be directed to the State Bar Association.

12. The decision of the Fifth Circuit in United States v. Cox, 342 F.2d 167 (5th Cir. 1965), *cert. denied*, Cox v. Hauberg, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed. 2d 700 (1965), gives further weight to referring matters to the United States Attorney. There it was held that a valid indictment cannot issue without the authorizing signature of the government attorney. *Id.* at 172. We feel that it would be unwise to cause warrants to issue before knowing if the government will pursue the prosecution.

13. Summary action such as was here taken has been upheld in a similar case, United States *ex rel.* Spader v. Wilentz, 25 F.R.D. 492 (E.D.Pa.1960), *aff'd*, 280 F.2d 422 (3d Cir. 1960), *cert. denied*, 364 U.S. 875, 81 S.Ct. 120, 5 L.Ed.2d 97 (1960).