UNITED STATES of America

v.

Joeshep R. BLIERLEY [sic], Superintendent, et al.

Misc. No. 5306.

United States District Court,
W. D. Pennsylvania.

Sept. 22, 1971.

K. W. Owens, inmate, pro se.
No appearance for defendant.

## OPINION AND ORDER

MARSH, Chief Judge.

K. W. Owens, an inmate of the State Correctional Institution at Dallas, Luzerne County, Pennsylvania, presents to this court a "Criminal Complaint" charging the above named state officials with conspiracy to violate §§ 1703 and 1708, Title 18 U.S.C.,[1] between August 11th and August 17th, 1971, and "Currently Practicing; Committing; said Offenses As of the Date of this Writing" (August 27, 1971), at the State Correctional Institution at Pittsburgh, Pennsylvania. He alleges that the defendants "Criminally Conspired and Agreed Amongnst [sic] Themselves to Criminally and Unlawfully Seize, Rob, Destroy and Delay United States Mail Duely [sic] Posted to several members of the Imprisoned Citizens Union who have residency" at the Institution at Pittsburgh. Owens

purports to execute the complaint for himself and 10 named inmates at the Institution at Dallas.[2]

The complaint is insufficient to issue warrants of arrest. The complaint is not sworn to before a commissioner or other officer empowered to commit persons charged with offenses against the United States. Rule 3, Federal Rules of Criminal Procedure, 28 U.S.C.A. This omission is sufficient ground to refuse to issue warrants. United States ex rel. Spader v. Wilentz, 25 F.R. D. 492 (D.N.J.1960), aff'd 280 F.2d 422 (3d Cir. 1960); *cf.* Gaither v. United States, 134 U.S.App.D.C. 154, 413 F.2d 1061, 1075–1076 (1969). However, since complainant is in custody, we do not rest dismissal on that technical ground. We do dismiss because examination clearly shows that on its face the complaint is insufficient to find probable cause that an offense has been committed, and that defendants have committed it. Rule 4, Federal Rules of Criminal Procedure, 28 U.S.C.A. The defendants are not postal employees as required by § 1703. The complaint fails to show personal knowledge of underlying facts, any source of information, or any other basis sufficient to support a finding of probable cause that the crime of conspiracy or any substantive crimes have been committed. Conclusions that defendants have criminally conspired to violate the law are insufficient. *Cf.* Keenan v. McGrath, 328 F.2d 610 (1st Cir. 1964); Pugach v. Klein, 193 F.Supp. 630, 639 (S.D.N.Y. 1961). The Fourth Amendment to the Constitution proscribes issuing a warrant of arrest except upon a showing of probable cause to a judicial officer. See also, 8 Moore, Federal Practice, ¶ 3.05 (2d ed. 1969).

Although the complainant does not seek any civil remedies, if we should treat it as one desiring this federal court to exercise inquisitorial and disciplinary

---

1. Section 1703 is entitled "Delay or destruction of mail or newspapers". Section 1708 is entitled "Theft or receipt of stolen mail matter generally".

2. This is the 11th action instituted by Owens in this court since November, 1967, all of which have either been dismissed or denied.

powers over the named state officials who supervise the Correctional Institution at Pittsburgh, it would likewise have to be dismissed. A federal court, except perhaps in very exceptional circumstances, does not possess supervisory power over state prison officials who implement the rules, regulations and restrictions relating to incoming prisoner mail. McCloskey v. State of Maryland, 337 F.2d 72 (4th Cir. 1964); United States ex rel. Cobb v. Maroney, 216 F.Supp. 910 (W.D.Pa.1963). *Cf.* United States ex rel. Hoge v. Maroney, 211 F.Supp 197 (W.D.Pa.1962), aff'd 311 F.2d 215 (3d Cir. 1962); Wilson v. Prasse, 404 F.2d 1380 (3d Cir. 1968).