UNITED STATES of America ex rel.
Brother Tyrone X. SAVAGE

v.

Mr. Floyd ARNOLD, Warden, and
United States of America.

Civ. A. No. 75–693.

United States District Court,
E. D. Pennsylvania.

July 21, 1975.

Tyrone X. Savage, pro se.

No appearance entered for defendants.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, Senior District Judge.

Relator, appearing pro se, has filed this somewhat unusual petition for habeas corpus relief. Already pending before the Court is a civil action in which relator sought to commence a criminal proceeding against the individual defendants under Title 18 U.S.C. §§ 241, 242. Leave to proceed in forma pauperis was denied in this regard because of the failure of petitioner to comply with the requirements of Rules 3 and 4 of the Rules of Criminal Procedure. Specifically, it was found the the complaint did not state "the essential facts constituting the offense charged" nor was it sworn to before a magistrate. Thus, no determination of probable cause could properly be made. (See, Report and Recommendation of the U. S. Magistrate in Civil Action 74–3205). Relator now desires to file a new "civil and criminal action", and having taken the past decision of the Court to heart, he requests a writ of habeas corpus directing that

he be brought before a magistrate in order that he may satisfy the requirements of the criminal Rules.

Other courts have dealt with similar situations where prison inmates have attempted to initiate criminal actions. Most often the right to proceed has been denied on the basis of Rules 3 and 4. See, e. g. *United States v. Blierley,* 331 F.Supp. 1182 (W.D.Pa.1971); *Brown v. Duggan,* 329 F.Supp. 207 (W.D.Pa. 1971); *United States ex rel. Spader v. Wilentz,* 25 F.R.D. 492 (D.N.J.); aff'd 280 F.2d 422 (3d Cir.) cert. denied 364 U.S. 875, 81 S.Ct. 120, 5 L.Ed.2d 97 (1960). Relator obviously seeks to overcome the procedural hurdle set up by these cases, and our own ruling in his earlier civil action by being brought before a magistrate on a writ. There are, however, many troublesome problems with the institution of such a private criminal complaint. Because this Court finds no right on the part of the petitioner on his own to commence a criminal proceeding, and because the complaint he would file is itself insufficient on its face to establish probable cause, we must deny the petition.

We note initially that while the matter before the Court is relator's amended petition for a writ of habeas corpus, we must necessarily focus our attention on the "Civil and Criminal Complaint" which he wants to file, and which is appended to his petition. Although the only relief demanded in this this complaint is for money damages, we cannot disregard relator's apparent intention to initiate a criminal proceeding. Of course, were we to treat the matter as seeking solely civil remedies, the issues we reach could be avoided since a civil complaint can be filed without an appearance before a judicial officer. But relator has all too clearly addressed himself in his petition to the Court's prior rulings denying him leave to proceed on the basis of the criminal statutes.[1] We are disposed to deal with

---

1. It is established that 18 U.S.C. §§ 241, 242, on which relator bases his complaint, do not allow for a civil recovery. *Brown v. Duggan,* 329 F.Supp. 207 (W.D.Pa.1971); *United*

these issues so that hopefully we may resolve the matter conclusively.

In considering relator's petition that he be brought before a magistrate so that he may swear to the allegations of his proposed complaint, we must first determine whether or not, under our Rules, a private citizen may initiate a criminal proceeding. There is no abundance of authority on this point. What authority there is has established the following as a general proposition: "Although a private citizen is not barred by the Rules from instituting a complaint before a magistrate, he may not do so as a matter of right." 8 Moore's Federal Practice § 3.05 at p. 3–7, and citations therein. Myriad problems, of course, would flow from a contrary rule. As Professor Moore has stated:

> "The broader issue which this presents is the scope of the government's control over the prosecution of crime. It would avail a private citizen little to have his complaint accepted by the magistrate—and perhaps even have the accused arrested and bound over—only to have the matter die because of the prosecutor's refusal to present the case to the grand jury. Theoretically, the grand jury could be induced to act, but even here the prosecutor might be able effectively to obstruct the filing of an indictment."

Moore's Federal Practice, supra, at p. 3–8.

The courts that have faced the issue have concluded that the essential role of the government (i. e. the U. S. Attorney) in the prosecution of criminal violations must of necessity preclude complaints by private citizens. See, *Keenan v. McGrath,* 328 F.2d 610 (1st Cir. 1964); *Pugach v. Klein,* 193 F.Supp. 630, 637 (S.D.N.Y.1961).[2] Rather than permit private complaints to be filed, it has been suggested that such matters be referred to the United States Attorney. *Brown v. Duggan,* supra, at 210. In fact, this is the specific practice recommended by the Judicial Conference of the United States:

> "In all cases . . . where a private citizen complains, it is a good practice, since the burden of prosecution will fall on the United States Attorney's office, that the complainant should be referred to the United States Attorney before a complaint is filed, at least in absence of an emergency requiring immediate action of the commissioner." Manual for United States Commissioners, 5 (1948).

We agree that this guideline states the proper course of action in dealing with a private criminal complaint. In an appropriate case, the Court, sua sponte, might well refer such a complaint to the United States Attorney directly without taking the formalistic step of having the complainant brought before a magistrate who would presumably take the same action. However, relator's complaint, as

---

*States ex rel. Pope v. Hendricks,* 326 F.Supp. 699 (E.D.Pa.1971); *Pugliano v. Staziak,* 231 F.Supp. 347 (W.D.Pa.1964) aff'd. 345 F.2d 797 (3d Cir. 1965).

2. In an analogous situation in *Bass Angler Sportsmen Society v. United States Steel Corporation,* 324 F.Supp. 412 (D.Ala.), aff'd. 447 F.2d 1304 (5th Cir. 1971), involving the enforcement of fine provisions of the Rivers and Harbors Act of 1899 (33 U.S.C. § 401 et seq.) by private individuals, the Court relied on "the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States

Government and a private party has no right to enforce these sanctions. (citations omitted). It has been repeatedly held that the Executive Branch through the Justice Department and U.S. Attorneys is charged with enforcement of federal criminal law and in this area has broad discretion in determing whether or not to prosecute. In the exercise of such discretion U.S. Attorneys are immune from control or interference through mandamus or otherwise by private citizens or by courts. *Smith v. United States,* 375 F. 2d 243 (5th Cir. 1967); *United States v. Cox,* 342 F.2d 167 (5th Cir. 1965)."

he has presented it, is not worthy of such consideration, since it is totally lacking in the essential elements required by Rules 3 and 4 for the commencement of a criminal proceeding.[3] Cf. *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).

The foundation of relator's criminal complaint is 18 U.S.C. § 242 which deals with the violation of civil rights under color of law.[4] The named defendants include 2 unknown City of Philadelphia Police Officers, 2 unknown City of Philadelphia Detectives, 1 unknown City of Philadelphia Police Official, the Police Commissioner of Philadelphia, as well as the City and County of Philadelphia, the Commissioner of Corrections of Pennsylvania, and the Commonwealth of Pennsylvania. For present purposes, it is enough to summarize the allegations of the complaint as follows: it is charged that since October 17, 1963, the defendants, at various times and in various combinations, have conspired to falsely arrest relator without probable cause, and subsequently cause him to be brought to trial, convicted and imprisoned for nearly seven years, and thereafter conspired to deny relator's attempts to obtain postconviction relief until he was awarded a new trial, and ultimately, following a finding that his arrest was illegal and the suppression of evidence, the case against him was dismissed on October 9, 1970.

Several fatal defects are apparent under even the most liberal reading of relator's complaint, which necessitate that it be rejected. First, and most importantly, the complaint fails to state "the essential facts constituting the offense charged." F.R.Cr.P. 3.[5] Despite the long listing of abuses and deprivations which the relator alleges he suffered, the conduct of the defendants is described only in conclusory fashion without a factual basis. There are no facts to show willfulness on the part of any of the named defendants, nor to establish the alleged conspiracy. Furthermore, at least as to the "unknown" defendants, who are the primary parties against whom relator complains, there is no adequate identification of the defendants to allow the issuance of arrest warrants. The use of a warrant where the name of the defendant is unknown can be permitted only where it contains "any name or description by which [the defendant] can be identified with reasonable certainty." F.R.Cr.P. 4(b)(1). To do otherwise "would clearly violate not only the language of Rule 4(b), Federal Rules of Criminal Procedure, but would likewise fail to meet the requirements of the Fourth Amendment of the United States Constitution." *United States v. Swanner,* 237 F.Supp. 69, 71 (E.D.Tenn.1964). Although presumably the arrest and other police records of this case would reveal the identity of these unknown defendants, the

---

3. In accord is the case of *Dixon v. State of Maryland,* 261 F.Supp. 746, 749 (D.Md.1966); see also, *Kennedy v. Anderson,* 373 F.Supp. 1345 (E.D.Okl.1974).

4. § 242. Deprivation of rights under color of law

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both; and if death results shall be subject to imprisonment for any term of years or for life. June 25, 1948, c. 645, 62 Stat. 696; Apr. 11, 1968, Pub.L. 90–284, Title 1, § 103(b), 82 Stat. 75.

5. The elements of a violation under § 242 are set forth in *United States v. Senak,* 477 F.2d 304 (7th Cir.) cert. denied 414 U.S. 856, 94 S.Ct. 157, 38 L.Ed.2d 105 (1973).

complaint on which relator seeks to proceed is nonetheless defective. Lastly, it must be noted that relator's complaint, as presented, runs head on into the five year statute of limitations applicable to the offense he would charge.[6] 18 U.S.C. § 3282. The operative events which relator describes occurred in 1963 and allegedly continue to the present time. Regardless of the confusion as to which of the defendants participated in the alleged conspiracy or continued to participate throughout the period of time, no "overt acts" after 1969 are alleged, even accepting the conclusory nature of all of the allegations made. Nothing is averred beyond that time except relator's own bald statement that the conspiracy to violate his constitutional rights continued and is continuing to this day. Even measuring the limitation period from the time when the last "overt act" in furtherance of the alleged conspiracy was committed, it is clear that the criminal proceeding relator seeks to commence would be barred by the statute of limitations. Cf. *Culp v. United States*, 131 F.2d 93, 100 (8th Cir. 1942).

For all of the above stated reasons, relator's petition must be denied. What we have said, however, with regard to the criminal aspects of relator's proposed complaint should in no way be deemed to affect his right to petition for leave to file a complaint seeking solely civil remedies for the alleged violation of his constitutional rights. The Court herein expresses no opinion on the merits of such a petition. Our comment is only to note that the present petition for habeas corpus relief is denied without prejudice to that right.[7]

---

6. Although this is ordinarily a matter to be raised in defense, it is another factor we have taken into account in deciding not to refer this matter to the U.S. Attorney.

7. Relator also requests the right to free access to xeroxing facilities at his place of detention in order to prepare the necessary copies of the proposed complaint. In light of our disposition of his Habeas Corpus Petition, this need not be decided.