**Kenneth R. KUNZER, Plaintiff,**

v.

**Frank J. MAGILL, Jr., Defendant.**

**Case No. 09–1950 DSD/FLN.**

United States District Court,
D. Minnesota.

Oct. 29, 2009.

Kenneth R. Kunzer, Woodbury, MN, pro se.

Lonnie F. Bryan, United States Attorney's Office, Minneapolis, MN, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

DANIEL L. HOVLAND, Chief Judge.

### I. *BACKGROUND*

The plaintiff, Kenneth R. Kunzer, *pro se*, has petitioned this Court to pursue criminal charges against the former United States Attorney, Frank J. Magill, Jr., by appointing a judge to file a criminal complaint prepared by Kunzer. This action arises out of adverse decisions regarding

the estate of Helen Herschler in a Washington County Probate Court in the State of Minnesota, Case No. PX–95–400308, and *Kunzer v. Doyscher*, Civ. No. 05–2640 JMR/FLN, resulting in an order sanctioning the plaintiff for abusing process. On October 19, 2009, Kunzer filed a litany of other pleadings and motions in federal court which include a Memorandum in Reply to Motion to Dismiss with attached affidavit, Motion to Compel, Motion in Limine, and Notice of Amended Complaint. *See* Docket Nos. 18, 19, 20, 21, and 22. For the reasons set forth below, the Court finds that Kunzer lacks standing to request that a criminal action be brought against any person. Further, even if standing exists, the United States Attorney is absolutely immune from a decision not to a bring the criminal charges Kunzer seeks to pursue.

## II. *STANDARD OF REVIEW*

Because there is no presumption in favor of federal court jurisdiction and jurisdiction is limited, the basis for such jurisdiction must be affirmatively shown in the complaint. *Kirkland Masonry, Inc. v. Comm'r of Internal Revenue*, 614 F.2d 532, 533 (5th Cir.1980); Fed.R.Civ.P. 8(a). The burden of pleading and establishing jurisdiction lies with the plaintiff and must appear on the face of the complaint in a short and plain statement. Fed.R.Civ.P. 8(a)(1). The original complaint does not contain any statement of jurisdiction, let alone a short and plain one, permitting dismissal after the plaintiff has an opportunity to correct the complaint. An opportunity to correct the complaint by alleging jurisdictional grounds, however, is futile because Kunzer lacks standing and the claim is barred by absolute immunity.

## III. *KUNZER LACKS STANDING TO ENFORCE CRIMINAL LAWS*

■ It is presumed that "federal courts lack jurisdiction 'unless the contrary appears affirmatively from the record.' " *Renne v. Geary*, 501 U.S. 312, 316, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986)). The petition submitted by Kunzer moves the Court to "appoint Chief Judge, Michael J. Davis ... to act as an Attorney to prosecute U.S. Attorney Frank J. Magill, Jr ... for failing to file with this court, the criminal complaint of [Kenneth R. Kunzer], dated June 4, 2009 ..." and attached to the petition. The proposed criminal complaint submitted by Kunzer reveals that he (Kunzer) seeks to indirectly force the prosecution of the parties and state judges involved in a contested probate case filed in state court in Minnesota in which he was the named plaintiff. *Kunzer v. Doyscher*, Civ. No. 05–2640 JMR/FLN. Kunzer also seeks to force the prosecution of several federal judges in Minnesota who issued rulings in a civil rights action Kunzer brought arising out of the very same contested probate proceedings in state court.

■ Article III of the United States Constitution limits the subject matter jurisdiction of federal courts to "cases" and "controversies." This jurisdictional limitation requires every plaintiff to demonstrate its standing when bringing an action in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). " 'It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.' " *Bender*, 475 U.S. at 546 n. 8, 106 S.Ct. 1326 (quoting *Warth v. Seldin*, 422 U.S. 490, 518, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). The existence of standing depends on the nature of the relief sought.

■ It is well-established that criminal statutes are public in nature, prosecut-

ed in the name of the United States to protect society's interest in security, fairness and freedom. The presence of a criminal statute neither creates nor implies a corresponding private right of action. *See United States v. Wadena,* 152 F.3d 831, 845–46 (8th Cir.1998). Private citizens, such as Kenneth Kunzer, do not have standing to enforce criminal statutes or have them enforced. Simply stated, private citizens generally have no standing to institute federal criminal proceedings. *Jones v. Clinton,* 206 F.3d 811, 812 (8th Cir.2000); *Keenan v. McGrath,* 328 F.2d 610, 611 (1st Cir.1964) (per curiam); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Conn. Action Now, Inc. v. Roberts Plating Co.,* 457 F.2d 81, 86–87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo–American jurisdictions by private complaints."); *Bass Angler Sportsman Soc'y v. United States Steel Corp.,* 324 F.Supp. 412, 415 (S.D.Ala.1971) (it is a "firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions"). This Court is unaware of any constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute an alleged crime. Kunzer has no standing to subject prosecutorial decisions to scrutiny.

■■■■ In this case, Kunzer has asked that Chief Judge Michael Davis in the District of Minnesota act as the prosecuting attorney for the United States Attorney's Office and pursue criminal charges against the former United States Attorney, Frank Magill, Jr. This procedural distinction does not confer standing on Kunzer. The petition request of Kunzer substantively depends on criminal charges being brought by a private individual.

The Court finds as a matter of law that the plaintiff, Kenneth Kunzer, lacks standing to pursue this action. Private citizens have no constitutional or other right to a criminal investigation, nor any judicially-cognizable interest in the prosecution or non-prosecution of another. *Linda R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). The interests Kunzer proffers in the prosecution of the United States Attorney are not legally cognizable within the framework of Article III.

## IV. *THE UNITED STATES ATTORNEY IS IMMUNE FROM SUIT*

■■■■ Kunzer has named the former United States Attorney, Frank Magill, Jr., as a defendant and has alleged that Magill failed to initiate criminal charges against numerous persons involved in a contested probate proceeding in Minnesota. It is well-established that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding," thus, barring this action. *Van de Kamp v. Goldstein,* —— U.S. ——, 129 S.Ct. 855, 861, 172 L.Ed.2d 706 (2009); *see Imbler v. Pachtman,* 424 U.S. 409, 423 n. 20, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (courts that have extended common-law immunity to the prosecutor have sometimes remarked on the fact that all three officials-judge, grand juror, and prosecutor-exercise a discretionary judgment on the basis of evidence presented to them); *Marshall v. Jerrico, Inc.,* 446 U.S. 238, 248, 100 S.Ct. 1610, 64 L.Ed.2d 182 (1980) ("Our legal system has traditionally accorded wide discretion to criminal prosecutors in the enforcement process"); *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (whether to prosecute, and what charge to file or bring, generally rests entirely in the prosecutor's discretion). There is no question that the United States Attorney in Minnesota has absolute immunity as to the exercise of his discre-

tion and judgment in determining whether to initiate a prosecution or other criminal proceedings as requested by private citizen Kunzer in this case. To hold otherwise would impose an intolerable burden upon a prosecutor.

In summary, Kenneth Kunzer lacks standing to institute federal criminal proceedings. A private citizen does not have standing either to enforce federal criminal statutes or to have such statutes enforced. More important, even if standing exists, the United States Attorney has absolute immunity in connection with the discretionary decision of whether to initiate criminal charges. Accordingly, the Defendant's Motion to Dismiss (Docket No. 8) is **GRANTED.** Further, the Plaintiff's "Petition to Appoint a Judge Pro Tem to Act as Attorney to Prosecute U.S. Attorney" (Docket No. 1) is **DENIED** with prejudice. In addition, the Plaintiff's other pending motions which include a Motion to Compel (Docket No. 20), a Motion in Limine (Docket No. 21), a Motion to Amend (Docket No. 22) and Notice of Motion and Motion to Base Rulings on Fact and Law (Docket No. 24) are **DENIED** as moot.