**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAVIN MAURICE RHODES, | No. 08-16363 |
| Plaintiff - Appellant, | DC No. CV 02-5018 |
| v. | |
| M. ROBINSON; RON BLEVINS; SARA MALONE; R&R OFFICER; R&R SERGEANT; OMBUDSMAN; C. NELSON; CORRECTIONAL OFFICER; V. PAZO, Correctional Officer; B. JONES, Sergeant; ROBERTSON, Sergeant; J. TIDWELL, Correctional Officer; A. LOPEZ, Facility Captain; HUEBNER, Lieutenant, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 15, 2010[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Before:    O'SCANNLAIN, TASHIMA, and BEA, Circuit Judges

Kavin Rhodes ("Rhodes") is a prisoner incarcerated in the California State Prison system. He alleges that while a prisoner at the California Correctional Institution in Tehachapi, California, several guards repeatedly illegally retaliated against him for exercising his First Amendment right to file administrative inmate grievances, grand jury complaints, and this federal civil rights lawsuit.

The district court initially granted defendants' motion to dismiss. On appeal, we reversed, holding that Rhodes had alleged facts sufficient to state a claim for First Amendment retaliation. *See Rhodes v. Robinson* ("*Rhodes I*"), 408 F.3d 559 (9th Cir. 2005). On remand, Rhodes amended his complaint to allege additional claims arising from additional retaliation defendants allegedly inflicted on him in response to the initial filing of this lawsuit. The district court *sua sponte* dismissed claims thirteen through thirty-three of Rhodes' second amended complaint ("SAC"), and granted defendants' motion for summary judgment on several of Rhodes' other claims. A jury found for defendants as to all remaining claims.

Rhodes timely appealed. In this memorandum disposition, we address, and affirm, the district court's rulings on summary judgment, as well as its pretrial

2

rulings, trial rulings, and instructions to the jury.[1]  The district court had

jurisdiction under 28 U.S. C. §§ 1331 and 1342.  We have jurisdiction under 28

U.S.C. § 1291.

## I.  Summary Judgment Rulings

We reject Rhodes' challenge to the district court's grant of summary

judgment to defendants Nelson, Blevins, Lopez, and Huebner on his First

Amendment retaliation claims.  A claim of retaliation against a prisoner for the

exercise of his First Amendment rights has five elements: "(1) An assertion that a

state actor took some adverse action against an inmate (2) because of (3) that

prisoner's protected conduct, and that such action (4) chilled the inmate's exercise

of his First Amendment rights, and (5) the action did not reasonably advance a

legitimate correctional goal."  *Rhodes I*, 408 F.3d at 567-68 (footnote omitted).

We affirm the district court's grant of summary judgment to Nelson on this

claim because Rhodes failed to proffer facts from which a reasonable trier of fact

could conclude that Nelson took the allegedly retaliatory action *because of*

Rhodes' exercise of his First Amendment rights.  Nelson stated that he was

unaware that Rhodes had filed a grievance in November 2000, when he confiscated

---

[1]      We address Rhodes' appeal of the dismissal of claims thirteen through
thirty-three in his SAC in an opinion filed concurrently with this disposition.

Rhodes' CD player on May 3, 2001. Rhodes offered no evidence contradicting this assertion.

We also affirm the grant of summary judgment to Blevins on this claim because Rhodes offered no evidence to contradict Blevins' contention that by confiscating Rhodes' CDs and lens cleaner, he was "reasonably advanc[ing] a legitimate correctional goal," by enforcing Operation Procedure #206, which prohibits inmates from owning CDs if they do not possess a CD player. *Id.* at 568. It is uncontroverted that Rhodes did not possess a CD player.

Rhodes' contentions that the district court erred in granting summary judgment to Lopez on Rhodes' claim of First Amendment retaliation likewise fail. Rhodes first argues that Lopez retaliated against him by refusing to respond personally to his complaints. Next, he contends that Lopez retaliated against him by refusing to return to him a copy of his November 2000 grievance. Lopez's failure personally to address Rhodes complaints does not constitute retaliation. Lopez permitted the inmate appeals process to address Rhodes' complaints, which were in fact fully processed through the inmate grievance system in accordance with applicable regulations. Similarly, as the district court noted, "[e]ven assuming defendant Lopez failed to return the documentary evidence as requested, this conduct was not an adverse action sufficient to support a retaliation claim,"

4

because it did not chill Rhodes' exercise of his First Amendment rights. *See id.* at 568. Rhodes' November 2000 grievance was fully processed, and his speech was in no way chilled by Lopez's failure to return a copy of it to him. We affirm the district court's grant of summary judgment to Lopez on this claim.

We next affirm the district court's grant of summary judgment to Huebner, but on different grounds. Rhodes is correct that the district court misconstrued his allegation against Huebner. The district court mistakenly believed that Rhodes was complaining that Huebner failed to process a copy of an appeal from an earlier-submitted grievance, when Rhodes actually alleged that Huebner had failed to process the original of a new grievance. Nonetheless, this claim cannot survive summary judgment, because Rhodes did not offer any evidence from which a reasonable trier of fact could conclude that Hueber lost or destroyed the new grievance in retaliation for filing earlier grievances. Rhodes submitted no evidence to prove his allegations of wrongdoing by Huebner. In fact, Rhodes' own declaration states that Huebner actually offered to protect him from further retaliation.

The district court also correctly disregarded Rhodes' motion for cross-summary judgment because it did not "state with particularity the grounds for seeking the order" as required by Federal Rule of Civil Procedure 7(b)(1)(B).

5

Despite captioning the motion as one for cross-summary judgment, Rhodes did not provide any argument or evidence supporting such a motion.

We also reject Rhodes' argument that the district court failed to provide him with proper notice of the standard for summary judgment as required by *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998) (en banc). The district court provided notice to Rhodes of the standard for summary judgment in its Second Information Order and Summary Judgment Notice, filed on May 17, 2002, at paragraph three. The district court's notice complies with the requirements of *Rand* because it is written in "ordinary, understandable language," describes Rhodes' right to file evidence in opposition to defendants' summary judgment motion, explains that his failure to respond will result in the opposing party's factual allegations being taken as true, and may result in the entry of judgment against him. *Id.*

Rhodes' argument that the district court violated the law of the case doctrine by making factual findings contrary to the statement of facts in our decision in *Rhodes I* is meritless. For the purposes of *Rhodes I*, we accepted as true all factual allegations contained in Rhodes' complaint, because the case came to us on appeal from a dismissal for failure to state a claim. *See* Fed. R. Civ. Proc. 12(b)(6). *Rhodes I*, therefore, made no factual determinations. On remand, the case was

6

before the district court in a very different procedural posture, and the district court was correct to apply the standard for summary judgment.

## II. Pretrial Rulings

Neither the district judge nor the magistrate judge abused his discretion in declining to recuse themselves from Rhodes' case. The only evidence of bias Rhodes cites are decisions by the judges with which he disagrees; however, "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Focus Media, Inc., v. Nat'l Broad. Co., Inc. (In re Focus Media, Inc.)*, 378 F.3d 916, 930 (9th Cir. 2004) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Nor did the district court abuse its discretion by refusing to appoint counsel to assist Rhodes under 28 U.S.C. § 1915(e). The district court acted well within its discretion when it found that exceptional circumstances warranting appointment of counsel were not present in this case. Rhodes obviously possesses the ability clearly to articulate his case, having already won one appeal before us in *Rhodes I*. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Rhodes's contention that the district court violated his due process rights by failing to respond to his request to sanction Blevins for perjuring himself is

meritless. Rhodes' due process rights were not violated because the record indicates that he never made such a request.

Likewise, the district court did not abuse its discretion when it declined to inform the U.S. Attorney that Rhodes wished to file an obstruction of justice claim against defendants. Although there is some authority to support the notion that in certain cases the district court may make such a referral *sua sponte*, it is not required to do so at a litigant's request. *See United States ex. rel. Savage v. Arnold*, 403 F. Supp. 172, 175 (E.D. Pa. 1975). Only the U.S. Attorney can initiate criminal proceedings in federal court, and Rhodes was free to contact him directly. *See Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam).

### III. Trial Rulings

The district court did not abuse its discretion when it denied Rhodes' motion requesting the issuance of five subpoenas duces tecum. Because the motion was made after the district court issued its pretrial order, it constituted a request for an amendment to the pretrial order, and Rhodes bore the burden of demonstrating that denying it would result in "manifest injustice." *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005). Rhodes offered no explanation as to how denying his motion would result in manifest injustice, and therefore failed to satisfy his burden.

We also reject Rhodes' challenges to various evidentiary rulings by the district court. The district court was correct in refusing to admit documents into evidence from the Kern County grand jury in order to prove the truth of the matter asserted in the hearsay portions of the documents. *See* Fed. R. Evid. 807. The district court's denial of Rhodes' request that defendant witnesses be excluded from the courtroom also complied with the Federal Rules of Evidence. *See* Fed. R. Evid. 615(1) (Although the rule authorizes a district court to exclude witnesses from the courtroom, it "does not authorize exclusion of . . . a party who is a natural person."). Likewise, the district court acted properly in admitting a duplicate copy of a cell-search log into evidence because Rhodes failed to raise a "genuine question . . . as to the authenticity of the original," and merely asserted without support that it was "an obvious forged and fabricated copy." *See* Fed. R. Evid. 1003. The district court was also within its discretion to hold that Nelson's status as a defendant in a prior suit brought by Rhodes was not relevant for impeachment purposes. *See* Fed. R. Evid. 607. The district court did not err by refusing to take judicial notice of *Canell v. Lightner*, 143 F.3d 1210 (9th Cir. 1998), as Rhodes requested. A court may not (and need not) take judicial notice of judicial precedent. *See* Fed. R. Evid. 201(a).

Rhodes also appeals the district court's entry of zero damages against defendant B. Jones, as to whom Rhodes had been granted a default judgment. Rhodes was given notice that he would be required to provide evidence establishing that B. Jones exists. Given that Rhodes offered no evidence of B. Jones' existence, the district court's decision to enter a default judgment without damages was not erroneous.

## IV. Jury Instructions

Finally, Rhodes' challenges to the jury instructions given by the district court also fail. The district court properly denied Rhodes' request for a spoliation of evidence instruction, based on defendants' destruction of Rhodes' CD player. Rhodes was not entitled to an adverse inference due to spoliation because he provided no proof that the party with control over the CD player had a duty to preserve it at the time it was destroyed. *See Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 720 (9th Cir. 2005).

We will not consider Rhodes' challenge to the district court's refusal to instruct the jury on the issue of psychological damages. Rhodes has waived his right to challenge it by failing to make a timely objection in the district court. *See Voohries-Larson v. Cessna Aircraft Co.*, 241 F.3d 707, 713 (9th Cir. 2001). For

the same reason, we also decline to review the district court's failure to give a jury instruction on Rhodes' obstruction of justice claim. *See id.*

## Conclusion

For the foregoing reasons, the above portions of the district court's judgment and its summary judgment rulings are **AFFIRMED.**