IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 15, 2018

**BRUCE ELLIOTT v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Trousdale County**
**No. 2018-CV-4695  John D. Wootten, Jr., Judge**

_____

**No. M2018-00808-CCA-R3-HC**
_____

The pro se Petitioner, Bruce Elliott, appeals the summary dismissal of his petition for writ of habeas corpus.  Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and NORMA MCGEE OGLE, J., joined.

Bruce Elliott, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and John Zimmerman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The Petitioner was convicted by a Davidson County jury of conspiracy to possess 300 grams of more or cocaine, possession of 300 grams or more of cocaine, possession of a firearm by a convicted felon, possession of one-half ounce or more of marijuana, conspiracy to deliver 300 grams or more of cocaine within 1,000 feet of a school, and money laundering.  State v. Elliot, 366 S.W.3d 139, (Tenn. Crim. App. 2010).[1]  He was sentenced to an effective sentence of 66 years, and this court affirmed the trial court's judgments on direct appeal.  Id. at 142.  The Petitioner subsequently filed a petition for

_____

[1] This court misspelled the Petitioner's surname in both the direct appeal and post-conviction opinions.  The rest of the record includes a second "t" in his surname.

post-conviction relief, in which he argued that he received ineffective assistance of counsel. Bruce Elliot v. State, M2012-01266-CCA-R3-PC, 2013 WL 6188585, at *1 (Tenn. Crim. App. Nov. 26, 2013), perm. app. denied (Tenn. May 14, 2014). This court affirmed the judgment of the post-conviction court. Id. at *12.

On March 19, 2018, the Petitioner filed a pro se petition for writ of habeas corpus. In his petition, the Petitioner asserted that the trial court did not have jurisdiction to convict or sentence him because "no arrest warrant was issued and the affidavit of complaint and arrest warrant was never valid due to the missing signature of the magistrate and the affiant," making his conviction "fatal void[.]" The habeas corpus court summarily dismissed the petition for failure to state a cognizable claim for relief on April 4, 2018, noting that "any defects in warrants, as suggested by this petitioner, would have been cured by the return of valid indictments." The Petitioner appealed.

## ANALYSIS

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A challenge to the sufficiency of an indictment may be brought in a habeas corpus proceeding if "the indictment is so defective as to deprive the court of jurisdiction." Dykes, 978 S.W.2d at 529.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is de novo with no presumption of correctness given to the habeas court's findings and conclusions. Id.

We discern no error in the habeas corpus court's summary dismissal of the petition on the basis that it failed to establish a cognizable claim for habeas corpus relief. This court has previously held that an "[a]rrest without a warrant does not per se violate any constitutional right entitling the defendant to post-conviction relief by habeas corpus where he is subsequently convicted upon a valid indictment." Nelson v. State, 470

- 2 -

S.W.2d 32, 33 (Tenn. Crim. App. 1971). The Petitioner's contention that he was arrested on a defective warrant, therefore, would render his judgment voidable, rather than void. See, e.g., James Thomas v. Randy Lee, Warden, No. E2015-02427-CCA-R3-HC, 2016 WL 3996488, at *2 (Tenn. Crim. App. July 21, 2016).

Further, as the State argues, this court has also held that a valid indictment cures any defect in a warrant. See Bobby Lee Scales, Jr. v. Dwight Barbee, Warden, No. W2012-00163-CCA-R3-HC, 2012 WL 4017375, at *1 (Tenn. Crim. App. Sept. 12, 2012) perm. app. denied (Tenn. Feb. 12, 2013). Though the Petitioner relies on State v. Jason Gonzalez, No. E2015-01107-CCA-R3-CD, 2016 WL 3996452, at *1 (Tenn. Crim. App. July 21, 2016), for the assertion that a defective warrant invalidates all subsequent proceedings, he fails to recognize that, unlike the petitioner in Jason Gonzales, a valid indictment was issued by a grand jury, curing any defects in the original charging instrument.

In his reply brief, the Petitioner also argues that the indictments are "fatal void" because such valid indictments cannot "cure the affidavit of complaint, because the affidavit of complaint is not a warrant[.]" Citing State v. Jones, 512 S.W.3d 258, (Tenn. Crim. App. 2016), he subsequently contends that "he has not been charged with any offenses" because the valid indictments are not charging instruments and do not cure the affidavit of complaint. However, this court has found that a valid indictment cures a defective affidavit of complaint, as well as a defective warrant. See James Thomas v. Randy Lee, Warden, at *2. Further, the defendant in Jones was charged with two misdemeanors and was never indicted by a grand jury, instead consenting to a bench trial in General Sessions court. Therefore, the defective affidavit of complaint in that case was never cured, and, unlike the instant case, no valid charging instrument existed. The Petitioner has failed to establish that his judgment is void or his sentence expired. Accordingly, we affirm the summary dismissal of the petition for writ of habeas corpus.

## CONCLUSION

Because the Petitioner failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE

- 3 -