IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 17, 2016 Session

**STATE OF TENNESSEE v. DAVID ALLEN JACKSON**

**Appeal from the Criminal Court for Sullivan County**
**No. S64047     James F. Goodwin, Jr., Judge**

---

**No. E2015-02033-CCA-R9-CD – Filed August 4, 2016**

---

The Defendant, David Allen Jackson, was arrested without a warrant for driving under the influence (DUI), a Class A misdemeanor; failure to exercise due care while driving, a Class C misdemeanor; and failure to provide evidence of financial responsibility, a Class C misdemeanor. See Tenn. Code Ann. §§ 55-8-136, -10-401, -12-139. Over a year after the Defendant's arrest, he waived his right to a preliminary hearing and agreed to have his case bound over to the grand jury. The grand jury subsequently indicted the Defendant for the misdemeanor offenses listed above as well as two counts of reckless aggravated assault, a Class D felony. See Tenn. Code Ann. § 39-13-102. After the grand jury returned the indictment, the Defendant filed a motion in Sullivan County Criminal Court seeking to dismiss the misdemeanor charges. The Defendant argued that the affidavit of complaint filed following his arrest was void and that prosecution had not commenced with respect to the misdemeanor charges until after the applicable statute of limitations had expired. The trial court granted the Defendant's motion to dismiss the misdemeanor charges. The State sought and was granted an interlocutory appeal of the trial court's decision. On appeal, the State contends that the fact that the affidavit of complaint was sworn before a notary public rather than a qualified judicial officer was a mere "technical defect" that should not render it void. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgments of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Barry Staubus, District Attorney General; and Benjamin Rowe, Assistant District Attorney General, for the appellant, State of Tennessee.

Stephen M. Wallace, District Public Defender; and Steven D. Bagby, Assistant Public Defender, for the appellee, David Allen Jackson.

**OPINION**

FACTUAL BACKGROUND

On May 29, 2013, Officer Justin Bush of the Bristol Police Department arrested the Defendant for DUI, failure to exercise due care while driving, and failure to provide evidence of financial responsibility following the Defendant's involvement in an automobile collision. Later that day, Officer Bush filled out and signed a form affidavit of complaint alleging the essential facts of the charged offenses. Next to Officer Bush's signature was a line stating that the affidavit of complaint had been "[s]worn and subscribed before" a "Judge/Clerk/Judicial Commissioner." That portion of the affidavit of complaint was signed by a notary public.

Underneath the affidavit of complaint portion of the form was a second section titled "Probable Cause Determination." That section stated that there was probable cause to believe that the offenses had been committed based upon the affidavit of complaint and was signed by a Sullivan County General Sessions judge on May 30, 2013. That portion of the form also contained the following three options: (1) "defendant given citation or arrested without warrant"; (2) "arrest warrant shall issue"; and (3) "criminal summons shall issue." None of these options were checked on the form at issue.

The Defendant's case was continued on several occasions in the Sullivan County General Sessions Court until January 13, 2014, when the Defendant failed to appear in court. On June 10, 2014, a capias was issued charging the Defendant with failure to appear. The Defendant was arrested on the failure to appear charge on August 9, 2014. On August 20, 2014, the Defendant waived a preliminary hearing and agreed to have his case bound over to the grand jury. On December 2, 2014, the grand jury returned an indictment charging the Defendant with two counts of reckless aggravated assault and one count each of DUI, failure to exercise due care while driving, and failure to provide evidence of financial responsibility.

On June 11, 2015, the Defendant filed in the Sullivan County Criminal Court a motion to dismiss the misdemeanor charges. The Defendant's motion alleged that the affidavit of complaint filed following his arrest was void and that prosecution had not commenced with respect to the misdemeanor charges until after the applicable statute of limitations had expired. On October 14, 2015, the trial court entered an order granting the Defendant's motion to dismiss the misdemeanor charges. The trial court concluded that the affidavit of complaint was void because it had been sworn "before a notary public [instead of] a magistrate or neutral and detached court clerk." The trial court

further concluded that prosecution against the Defendant was not commenced before the expiration of the applicable statute of limitations because the case was not bound over to the grand jury until after the limitations period had expired. The trial court subsequently granted the State's request for an interlocutory appeal to this court.

ANALYSIS

The State contends that the trial court erred in granting the Defendant's motion to dismiss. The State argues that the fact that the affidavit of complaint was sworn before a notary public rather than a qualified judicial officer was a mere "technical defect" that should not void the affidavit of complaint. The State further argues that any error in the affidavit of complaint was ultimately harmless because it "provided the [D]efendant with notice of the charges" and because a general sessions judge later made a "probable cause determination" based upon the affidavit of complaint. The State additionally argues that holding that the Defendant's appearances in general sessions court to continue this matter did not commence prosecution or toll the statute of limitations would encourage defendants "to sit silent on a technical defect until the statute of limitations expire[d]."[1] The Defendant responds that the trial court did not err in granting his motion to dismiss the misdemeanor charges.

*I. Standard of Review*

The trial court's decision on the Defendant's motion to dismiss was based upon an application of law to facts that were not in dispute. Because the issue presented for our review is one of law, we review it de novo with no presumption of correctness given to the trial court's holdings. State v. Sherman, 266 S.W.3d 395, 401 (Tenn. 2008).

*II. Applicable Statutes and Procedural Rules*

An arrest warrant is statutorily defined as "an order, in writing, stating the substance of the complaint, directed to a proper officer, signed by a magistrate, and commanding the arrest of the defendant." Tenn. Code Ann. § 40-6-201. The General Assembly has also codified a form arrest warrant that meets this statutory definition. See Tenn. Code Ann. § 40-6-207.

Tennessee Code Annotated section 40-6-203(a) provides that "[u]pon information made to any magistrate of the commission of a public offense, the magistrate shall examine, on oath, the affiant or affiants, reduce the examination to writing, and cause the

---

[1] In the trial court, the State also argued that the Defendant's failure to appear in January 2014 should have tolled the statute of limitations. However, the State has not raised that argument on appeal. Therefore, our review of that issue has been waived. See Tenn. R. App. P. 13(b) (stating that "[r]eview generally will extend only to those issues presented for review").

examination to be signed by the person making it." (Emphasis added). Additionally, the "written examination shall set forth the facts stated by the affiant or affiants that establish that there is probable cause to believe an offense has been committed and that the defendant committed it." Tenn. Code Ann. § 40-6-204.

"If the magistrate is satisfied <u>from the written examination</u> that there is probable cause to believe the offense complained of has been committed and that there is probable cause to believe the defendant has committed it, then <u>the magistrate shall issue an arrest warrant</u>." Tenn. Code Ann. § 40-6-205(a) (emphases added). The General Assembly has also provided that the examination of the affiant "does not have to take place in a face-to-face meeting of the parties but may be conducted through the use of electronic audio-visual equipment." Tenn. Code Ann. § 40-6-203(b)(1).

The Tennessee Rules of Criminal Procedure provide that when a person is arrested without a warrant, he "shall be taken without unnecessary delay before the nearest appropriate magistrate" and that "[a]n affidavit of complaint shall be filed promptly." Tenn. R. Crim. P. 5(a). Tennessee Rule of Criminal Procedure 3 defines an affidavit of complaint as follows:

> [A] statement alleging that a person has committed an offense. <u>It must</u>:
>     (a) be in writing;
>     (b) <u>be made on oath before a magistrate or a neutral and detached court clerk authorized by Rule 4 to make a probable cause determination</u>; and
>     (c) allege the essential facts constituting the offense charged.

(Emphases added).

The Advisory Commission Comment to Rule 3 states that the "rule governs what must be done to secure the issuance of an arrest warrant," emphasizes that "[t]he validity of the warrant depends upon the making of a probable cause determination," and warns that "a warrant must never be issued as a mere ministerial act done simply upon application." The Advisory Commission Comment to Rule 3 further states that an affidavit of complaint is so named "to further emphasize to the one issuing an arrest warrant the necessity for first having in hand a detailed complaint reduced to writing and sworn to."

Tennessee Rule of Criminal Procedure 4(a) provides as follows:

> If the affidavit of complaint and any supporting affidavits filed with it establish that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate or clerk

-4-

shall issue an arrest warrant to an officer authorized by law to execute it or shall issue a criminal summons for the appearance of the defendant.

(Emphasis added).

Rule 4 further provides the following:

The arrest warrant shall:
(A) be signed by the magistrate or clerk;
(B) contain the name of the defendant or, if this name is unknown, any name or description by which the defendant can be identified with reasonable certainty;
(C) indicate the county in which the warrant is issued;
(D) describe the offense charged in the affidavit of complaint; and
(E) order that the defendant be arrested and brought before the nearest appropriate magistrate in the county of arrest.

Tenn. R. Crim. P. 4(c) (emphasis added).

The Advisory Commission Comment to Rule 4 notes "that the affidavit of complaint may be buttressed by additional affidavit(s) and that the magistrate or clerk may also examine under oath the complainant and any other witnesses." In addressing the issuance of an arrest warrant when the defendant has already been arrested without a warrant, the Advisory Commission Comment to Rule 4 states as follows:

The form of the arrest warrant, as set out in Rule 4(c)(1), makes no distinction between warrants issued for persons not yet arrested and those warrants issued for persons already arrested without a warrant. Such a warrant serves a dual function: first, as the authority for an arrest (where an arrest has not already been lawfully made) and, secondly, as a statement of the charge which the accused is called to answer. The commission did not recommend two separate warrant forms, one for use where the accused had not yet been arrested, and the second to merely state the charge against one already under arrest, because it is more utilitarian to have only the one form. The command to arrest is obviously surplusage where the warrant is directed against one already in custody; but a warrant in such cases still serves as the official charging instrument, issued after a judicial finding of probable cause, and gives notice of the charge which must be answered.

(Emphasis added).

*III. Arrest Warrant*

-5-

The trial court and both of the parties, until this point, have proceeded under the assumption that the form affidavit of complaint constituted an arrest warrant. However, our review of the record reveals that an arrest warrant was never issued in this case. Tennessee Code Annotated section 40-6-205(a) provides that if a magistrate is satisfied that there is probable cause "then the magistrate <u>shall issue an arrest warrant</u>." (Emphasis added). This court has previously held that an affidavit of complaint "is not, standing alone, sufficient to provide formal notice of the offense charged" because "an arrest warrant may or may not issue upon the affidavit of complaint." <u>State v. McCloud</u>, 310 S.W.3d 851, 860 (Tenn. Crim. App. 2009).

Our supreme court has held that Rule 5(a) "'clearly contemplates' that a person arrested without a warrant will 'be taken before a magistrate so that <u>formal charges</u> can be lodged against them by the filing of an affidavit of complaint.'" <u>State v. Ferrante</u>, 269 S.W.3d 908, 912 (Tenn. 2008) (quoting <u>State v. Best</u>, 614 S.W.2d 791, 795 (Tenn. 1981)). However, "[a]n affidavit of complaint is merely 'a statement alleging that a person has committed an offense.'" <u>McCloud</u>, 310 S.W.3d at 860 (quoting Tenn. R. Crim. P. 3). "[E]ven in cases of warrantless arrest, the arrest warrant issued upon the affidavit of complaint rather than the affidavit of complaint itself 'still serves as the official charging instrument, issued after a judicial finding of probable cause, and gives notice of the charge which must be answered.'" <u>Id.</u> (quoting Tenn. R. Crim. P. 4, Advisory Comm'n Cmt.).

Here, the form affidavit of complaint did not conform to the requirements of an arrest warrant. Chiefly, it did not contain an "order that the defendant be arrested and brought before the nearest appropriate magistrate in the county of arrest." Tenn. R. Crim. P. 4(c)(1)(E). It appears that the form affidavit of complaint was drafted under the mistaken belief that attaching a "probable cause determination" to the affidavit of complaint was sufficient to commence prosecution for warrantless arrests. This is evidenced by the fact that beneath the "probable cause determination," options for an arrest warrant or criminal summons to "issue" were listed but they were left unchecked.

A panel of this court has recently held that a document titled "Uniform Citation" was a valid arrest warrant. <u>State v. Andrew Hall</u>, No. E2014-01710-CCA-R3-CD, 2015 WL 6872661, at *2 (Tenn. Crim. App. Nov. 9, 2015), <u>perm. app. denied</u> (Tenn. Mar. 23, 2016). However, key to that decision was the fact that the "Uniform Citation" contained the signature of the magistrate "commanding the arrest of [the] [d]efendant and that [the] [d]efendant be brought before the nearest appropriate magistrate." <u>Id.</u> Here, the affidavit of complaint was initially signed by a notary public rather than a qualified judicial officer and contained no order commanding the arrest of the Defendant.

The Advisory Commission Comment to Rule 4 states that the "command to arrest is obviously surplusage where the warrant is directed against one already in custody."

However, the comment then immediately states that "a warrant in such cases still serves as the official charging instrument, issued after a judicial finding of probable cause, and gives notice of the charge which must be answered." Tenn. R. Crim. P. 4, Advisory Comm'n Cmt. In fact, the comment makes clear that there is only one form of arrest warrant in Tennessee regardless of whether it is issued pre- or post-arrest. Id. Both Tennessee Code Annotated section 40-6-201 and Rule 4(c) state that an arrest warrant must order the arrest of the defendant. Accordingly, we conclude that the form affidavit of complaint did not substitute for a valid arrest warrant; therefore, prosecution of the Defendant did not commence on either May 29 or 30, 2013.

### IV. Affidavit of Complaint

Because the trial court and both of the parties focused on the issue of whether the affidavit of complaint was void, we will address this issue despite our holding that an arrest warrant was not issued. Tennessee Code Annotated section 40-6-203(a) states that "the magistrate shall examine, on oath, the affiant or affiants, reduce the examination to writing, and cause the examination to be signed by the person making it."[2] (Emphasis added). Similarly, Tennessee Rule of Criminal Procedure 3 provides that an affidavit of complaint must "be made on oath before a magistrate or a neutral and detached court clerk authorized by Rule 4 to make a probable cause determination." (Emphasis added). Likewise, this court has previously stated that "[a] magistrate or court clerk shall issue a valid arrest warrant upon the filing of a written affidavit of complaint made upon oath before him or another magistrate or neutral and detached court clerk capable of determining probable cause." State v. Brutis, 664 S.W.2d 305, 308 (Tenn. Crim. App. 1983) (emphasis added).

It is clear that Officer Bush's signing of the affidavit of complaint before a notary public rather than a qualified judicial officer did not meet the requirements of section 40-6-203(a) and Rule 3. The State concedes this point. However, the State argues that this was a mere technical defect that had "no impact on validity." Chiefly, the State relies

---

[2] In its brief, the State alleges that Tennessee Rule of Criminal Procedure 4(a)(2) is "more permissive" than section 40-6-203(a) because Rule 4(a)(2) states that "[b]efore ruling on a request for a warrant, the magistrate or clerk may examine under oath the complainant and any witnesses the complainant produces." (Emphasis added). However, that is not the case. Section 40-6-203(a) refers to an "examination" of the affiant which must be made under oath, "reduced . . . to writing," and "signed by the person making it." That writing is what the Tennessee Rules of Criminal Procedure refer to as an "affidavit of complaint." Rule 4 makes clear that a valid affidavit of complaint must be presented before an arrest warrant may be issued. See Tenn. R. Crim. P. 4(a) (stating that "[i]f the affidavit of complaint . . . establish[es] that there is probable cause to believe that an offense has been committed and that the defendant committed it, the magistrate . . . shall issue an arrest warrant" (emphases added)). This is merely a difference in nomenclature between the applicable statutes and procedural rules. Subsection (a)(2) of Rule 4 refers to the optional verbal examination of the affiant and should in no way be construed as suggesting that the affidavit of complaint is an optional prerequisite to a valid arrest warrant.

upon our supreme court's holding in State v. Keith, 978 S.W.2d 861, 869 (Tenn. 1998), that, with respect to the issuance of a search warrant, "a jurat—a written certificate of the issuing judge attesting that the affiant executed the affidavit under oath"—was not "an essential prerequisite to a valid affidavit so long as proof is offered to establish that the affidavit was properly sworn." (Emphases added). However, Keith is not applicable here because, as the State has conceded, the affidavit of complaint was not properly sworn.

The State also asserts that this court has previously stated that "a defect in probable cause proceedings such as the procurement of an arrest warrant has 'no consequence in the law unless the defendant is prejudiced by it.'" State v. Donnie Joe Hensley, No. E2005-01444-CCA-R3-CD, 2006 WL 2252736, at *8 (Tenn. Crim. App. Aug. 7, 2006) (quoting State v. Campbell, 641 S.W.2d 890, 893 (Tenn. 1982)). However, the State's use of this quotation ignores the context with which it appeared in Hensley. The defendant in Hensley had alleged an error in the juvenile court's transfer order of his case to criminal court, but this court held that any defect was cured "by the grand jury's determination of probable cause and return of an indictment." Id. The quotation used by the State is made in a larger discussion of the rule that an original "probable cause proceeding[] such as the procurement of an arrest warrant" can be cured by a subsequent valid indictment or presentment. Id. That is not the case here because, as will be discussed later, the Defendant's case was not bound over to the grand jury until after the statute of limitations had already expired for the misdemeanor offenses.

Contrary to the State's argument, this court has held that if an arrest "warrant does not meet procedural and constitutional requirements, it is invalid." State v. Wilson, 6 S.W.3d 504, 507 (Tenn. Crim. App. 1998) (emphasis added); see also Ferrante, 269 S.W.3d at 909-10 (concluding that an affidavit of complaint was void despite the fact that a general sessions judge "read the affidavit of complaint and determined that it sufficiently stated probable cause" at the defendant's arraignment the day after the affidavit of complaint was drafted). The affidavit of complaint was a necessary prerequisite for a valid arrest warrant, and it did not meet all of the procedural requirements. Thus, the affidavit of complaint was invalid and so would be any arrest warrant issued pursuant to it.

In its reply brief, the State argued that this court should view "the defect" in the affidavit of complaint as one of a technical and "non-constitutional nature" which did not warrant dismissal because the Defendant could not show that he was prejudiced by the State's failure to comply with the requirements of section 40-6-203(a) and Rule 3. To support this argument, the State relies on federal authority.

Federal Rule of Criminal Procedure 3 is similar to the Tennessee rule in that it defines the federal version of an affidavit of complaint as "a written statement of the essential facts constituting the offense charged" which "must be made under oath before

a magistrate judge or, if none is reasonably available, before a state or local judicial officer." (Emphasis added). Federal courts have long held that "[a] notary public is not competent to act" in place of a magistrate judge or other qualified judicial officer. Charles Alan Wright et al., 1 Federal Practice and Procedure § 42 (4th ed. 2016) (citing Brown v. Duggan, 329 F. Supp. 207, 209 (W. D. Penn. 1971) (concerning a state prisoner seeking issuance of an arrest warrant for "his former defense attorney"); Pugach v. Klein, 193 F. Supp. 630, 638-39 (S.D.N.Y. 1961) (concerning a state prisoner seeking issuance of arrest warrants for a police officer, state prosecutor, and state judge); United States ex rel. Spader v. Wilentz, 25 F.R.D. 492, 494 (D.N.J. 1960) (concerning a state prisoner seeking issuance of an arrest warrant for a state prosecutor), aff'd, 280 F.2d 422 (3rd Cir. 1960), cert. denied, 364 U.S. 875 (1960)).

To support its argument that failure to comply with the applicable statutory and procedural requirements for an affidavit of complaint in this case constituted harmless error, the State cites the following passage from an opinion by the United States Court of Appeals for the District of Columbia Circuit:

> Where an arrest is made without a warrant, and the complaint[3] is therefore sworn after the arrest, it serves no such important function; "since the complaint at that state (i.e. post-arrest) serves no practical purpose, its preparation and filing is usually a matter of pro forma routine." [Federal Rule of Criminal Procedure] 3 does not by its terms allow post-arrest complaints to be sworn before other than judicial officers. Thus we must take it that the rule was not literally complied with by the procedure followed here. However, the minimal function of the complaint as filed after arrest leaves us unable to discern any prejudice to appellants from this procedure. The case would, of course, be very different if a pre-arrest complaint, upon which an arrest warrant was to be based, was not sworn in accordance with the requirements of Rule 3.

Gaither v. United States, 413 F.2d 1061, 1076 (D.C. Cir. 1969) (footnote added) (internal citation and footnote omitted).

We are not persuaded by the State's argument. "An indictment or information is the pleading by which the United States initiates the formal charge against the accused" in the vast majority of federal criminal cases. Wright et al., 1 Federal Practice and Procedure § 121. Conversely, "[a] complaint is the typical way for a criminal proceeding

---

[3] "Complaint" is the term used in the Federal Rules of Criminal Procedure equivalent to the Tennessee Rules of Criminal Procedure's term "affidavit of complaint." See Tenn. R. Crim. P. 3, Advisory Comm'n Cmt. (describing the Advisory Commission's reasoning in selecting the term "affidavit of complaint" over the term "complaint").

to be instituted in federal court" with "[i]ts main function [being] to serve as the basis for an application for an arrest warrant." Wright et al., 1 Federal Practice and Procedure § 41. Unlike an affidavit of complaint under Tennessee law, "[w]hen an arrest is made without a warrant a complaint still must be filed, although its function is slightly different." Id. In that situation, a complaint is used to establish probable cause "so that a neutral magistrate can ensure that there are adequate grounds for the detention" of the defendant. Id. However, "[n]o complaint is needed . . . if a more formal determination of probable cause," such as an indictment or information, "is made first." Id.

Tennessee law mandates that an arrest warrant be issued regardless of whether the affidavit of complaint was filed pre- or post-arrest. See Tenn. Code Ann. § 40-6-205(a); Tenn. R. Crim. P. 4(a). The federal rules do not contemplate the issuance of a post-arrest warrant. See Wright et al., 1 Federal Practice and Procedure § 58 (noting that "[a] warrantless arrest means that the probable cause determination has only been made by the officer in the field" and that to "ensure judicial oversight" "the defendant must be brought before a magistrate judge for an initial appearance," and "[t]he government must then 'promptly' file a complaint in the district where the crime occurred that demonstrates probable cause"). Under Tennessee law, the issuance of an arrest warrant after a warrantless arrest serves as "the official charging instrument" against the defendant. Tenn. R. Crim. P. 4, Advisory Comm'n Cmt. As such, the issuance of an arrest warrant after a warrantless arrest in this jurisdiction is more than a mere "matter of pro forma routine."

Furthermore, the case relied upon by the State was decided prior to 1972. In 1972, Federal Rule of Criminal Procedure 5(a) was amended to require a complaint filed after a warrantless arrest "be one 'satisfying the probable cause requirements of Rule 4(a).'" Wright et al., 1 Federal Practice and Procedure § 71 n.19. Prior to 1972, "the requirement of a complaint after a warrantless arrest was considered a jurisdictional requirement only and the complaint rarely showed probable cause on its face." Id. In light of the fact that Gaither was decided at a time when the federal rules did not require a complaint filed after a warrantless arrest to show probable cause, we do not find it persuasive. Accordingly, we decline to rescind our prior holding that if an arrest "warrant does not meet procedural and constitutional requirements, it is invalid." Wilson, 6 S.W.3d at 507 (emphasis added).

*V. Statute of Limitations*

As applicable here, "all prosecutions for misdemeanors shall be commenced within the twelve (12) months after the offense has been committed." Tenn. Code Ann. § 40-2-102(a). Tennessee Code Annotated section 40-2-104 provides as follows:

-10-

A prosecution is commenced, within the meaning of this chapter, by finding an indictment or presentment, the issuing of a warrant, the issuing of a juvenile petition alleging a delinquent act, binding over the offender, by the filing of an information . . ., or by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of continuing the matter or any other appearance in either court for any purpose involving the offense.

In granting the Defendant's motion to dismiss, the trial court concluded that the Defendant's case was not acted upon until after the applicable statute of limitations had expired for the misdemeanor offenses.

The State, citing the "commencement-by-appearance language" of section 40-2-104, argues that the Defendant's failure to challenge the affidavit of complaint in general sessions court should toll the statute of limitations. The State argues that requiring a defendant to raise a challenge to the arrest warrant during an appearance in general sessions court rather than in criminal or circuit court "would not foreclose future challenges to defective charging instruments" but "would simply oblige the accused to identify any defect and give the State reasonable opportunity to cure." The State argues that to hold otherwise would enable defendants "to sit silent on a technical defect until the statute of limitations expires." The State further argues that any challenge to the affidavit of complaint was waived because the grand jury's indictment "cured any defect in the initial charging instrument."

"A lawful accusation is an essential jurisdictional element of a criminal trial, without which there can be no valid prosecution." Ferrante, 269 S.W.3d at 914 (quoting State v. Morgan, 598 S.W.2d 796, 797 (Tenn. Crim. App. 1979)) (internal quotation marks omitted). This court has previously held that "[a] void warrant invalidates all subsequent proceedings emanating from the warrant" and that "[n]o valid conviction can occur if the charging instrument is void." Wilson, 6 S.W.3d at 507. Furthermore, our supreme court has held that when an affidavit of complaint is void, a defendant "has not been charged with any offense"; therefore, his appearance in general sessions court would "not serve as a commencement of the prosecution for purposes of tolling the statute of limitations." Ferrante, 269 S.W.3d at 915.

As we have previously stated, no arrest warrant was issued in this case, and the affidavit of complaint which purported to be the charging instrument was void. Therefore, the form affidavit of complaint "did not . . . serve to charge the Defendant with any offense." Ferrante, 269 S.W.3d at 915. Accordingly, the Defendant's appearances in Sullivan County General Sessions Court did not serve to commence prosecution against him even though he did not raise the issue of the lack of any charging instrument in that court because he had not been charged with any offenses at that time.

-11-

The State is correct that an original "probable cause proceeding[] such as the procurement of an arrest warrant" can be cured by a subsequent valid indictment or presentment. Hensley, 2006 WL 2252736, at *8. However, to cure the lack of a valid arrest warrant and validly commence prosecution the subsequent action must be done prior to the expiration of the statute of limitations. See McCloud, 310 S.W.3d at 860-61 (holding that binding over of the defendant's case to the grand jury "within the statute of limitations" properly commenced prosecution when there was no valid arrest warrant and the defendant had been indicted outside of the applicable statute of limitations); State v. Stephen James Thompson, No. M2009-02122-CCA-R3-CD, 2010 WL 3489162, at *3 (Tenn. Crim. App. Aug. 25, 2010) (holding the same). Accordingly, the State's argument that the indictment returned after the applicable statute of limitations had expired cured the defects in the affidavit of complaint is devoid of any merit.

Finally, we strongly disagree with the State's argument that a criminal defendant has an obligation to inform the prosecution, who would be seeking to convict that individual of a criminal offense using the full force and power of the government, of any defects in the charging instrument so that the State may cure the defect before the statute of limitations expires. We do not think that it is too much to ask of prosecutors that they ensure that the prosecution of a defendant has been properly commenced within the applicable statute of limitations. This is especially true in light of the fact that the State has "a number of options at its disposal" to cure a defective arrest warrant or affidavit of complaint. Wilson, 6 S.W.3d at 507 (noting that the State can dismiss a defective warrant and reinstitute proceedings against a defendant through "re-arrest, indictment, or presentment"). Accordingly, we conclude that the State failed to commence prosecution against the Defendant within the applicable statute of limitations and affirm the trial court's grant of the Defendant's motion to dismiss.

CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-12-