IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 29, 2020 Session

## STATE OF TENNESSEE v. GIL JACKSON GROSECLOSE

**Appeal from the Criminal Court for Sullivan County**
**No. S68,627  James F. Goodwin, Jr., Judge**

_____

### No. E2019-01721-CCA-R3-CD

_____

The Appellant, Gil Jackson Groseclose, pled guilty in the Sullivan County Criminal Court to driving under the influence (DUI) and DUI, per se, and the trial court convicted him after a bench trial of DUI, second offense.  The trial court merged the convictions, Class A misdemeanors, and sentenced the Appellant to eleven months, twenty-nine days to be served as one hundred twenty days in jail followed by supervised probation.  On appeal, the Appellant claims that the evidence is insufficient to support his conviction of DUI, second offense, because the judgment of conviction for his prior DUI was void and that the trial court erred by ordering confinement of more than the mandatory minimum sentence in jail.  Based upon the oral arguments, the record, and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., J., and D. MICHAEL SWINEY, SP. J., joined.

Lesley A. Tiller, Assistant District Public Defender, Blountville, Tennessee, for the appellant, Gil Jackson Groseclose.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Mitchell B. Watson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

In October 2017, the Sullivan County Grand Jury returned a presentment charging the Appellant with DUI; DUI, per se; and DUI, second offense.  The Appellant filed a

motion "to suppress and/or exclude evidence of [his] prior conviction for Driving under the Influence as alleged in Count Three of the Presentment and to dismiss Count Three of the Presentment." The Appellant argued in the motion that his 2008 guilty plea to DUI in general sessions court was void because the officer swore to the affidavit of complaint in the presence of a notary instead of a qualified judicial officer. The trial court reviewed the affidavit and the judgment of conviction for Sullivan County General Sessions Court case number K3320. The trial court denied the Appellant's motion, explaining as follows:

> He - he's pled guilty. And the Court's of the opinion that the guilty plea corrects any infirmities or inconsistencies with regard to the - affidavit such that the judgment would then be facially valid, and it's such that you could not attack - collaterally attack that conviction and judgment in this proceeding.

On March 25, 2019, the Appellant entered a "blind" plea to DUI and DUI per se. The State did not provide a recitation of the facts during the plea hearing, but the Appellant stipulated to the following "essential facts constituting the offense(s)," which appeared in Officer Eric Keller's affidavit of complaint:

> On June 23, 2016 at approximately 2046 hours I, Officer Keller (511), was dispatched to 1317 Virginia Ave., Food City parking lot, in reference to a reckless driver that was possibly under the influence. Central dispatch advised the suspected vehicle was a blue BMW 745i that was now parked in the Family Dollar parking lot, at 1404 Virginia Ave. They also advised the driver was wearing a v-neck t-shirt. Upon my arrival, I noticed a blue BMW 745i, with Tennessee tag (Y82 72N), parked in the parking lot of the [F]amily [D]ollar in front of the RedBox movie rental. The vehicle engine was still on as well as the headlights.

> There were several subjects at the RedBox. I asked who the driver was of the blue BMW. A white male with a white [v]-neck t-shirt, fitting the description of the suspected driver, stated he was. The driver was identified as Gil Groseclose. I informed Mr. Groseclose, I had received multiple calls about a reckless driver. Mr. Groseclose stated he was not driving recklessly. I then asked if he was driving the BMW, in which he stated "yes". Mr. Groseclose stated, he dropped his wife and kid off at Food City on Virginia Ave. and drove across the street to rent a DVD at the RedBox.

> I asked Mr. Groseclose if he would perform a few tests for me to verify that he was fine to drive. Mr. Groseclose agreed to do so. I administered the Standardized Field Sobriety Test to Mr. Groseclose

consisting of: Horizontal Gaze Nystagmus test, Walk and Turn test, and the One Leg Stand test. Mr. Groseclose performed poorly on all tests exhibiting several clues on each portion. It was very difficult for him to keep his balance, and his speech was slurred. Mr. Groseclose was placed under arrest for Driving Under the Influence.

I then transported Mr. Groseclose to BRMC for a blood draw, in which he consented. Officer Keesee transported Mr. Groseclose to the Sullivan County Jail for booking. The offense occurred in Bristol, Sullivan County, Tennessee.

The State introduced the Appellant's Official Toxicology Reports into evidence, showing that his blood contained 94 nanograms per milliliter of Alprazolam and that his blood alcohol content (BAC) was 0.084 gram percent.

Immediately after the trial court accepted the Appellant's guilty pleas to DUI and DUI, per se, the Appellant waived his right to a jury trial, and the trial court held a bench trial on the charge of DUI, second offense. The State called Officer Keller to the stand, and he identified the case file for case number K3320. The file included a judgment of conviction for the Appellant's 2008 guilty plea to DUI. The State rested its proof, and the Appellant made a motion for judgment of acquittal, again arguing that the Appellant's prior conviction was void because the police officer's affidavit of complaint was improperly sworn in the presence of a notary. The Appellant also argued that his conviction was void because no arrest warrant was issued. The trial court denied the Appellant's motion for judgment of acquittal, stating that "the Court [is] relying upon its previous holding at the motion to suppress, [and] the Court's of the opinion that his appearance in general sessions court coupled with his plea would have cured the . . . defect."

Based on the 2008 judgment of conviction, the trial court found the Appellant guilty beyond a reasonable doubt of driving under the influence, second offense. After a sentencing hearing, the trial court sentenced him to eleven months, twenty-nine days to be served as one hundred twenty days in jail followed by supervised probation.

## II. Analysis

### A. Sufficiency of the Evidence

The Appellant claims that the evidence is insufficient to support enhancement of his DUI conviction to DUI, second offense. The State argues that the evidence is sufficient and that the Appellant is essentially attempting to attack the validity of his prior conviction, which is improper in a subsequent proceeding. We agree with the State.

- 3 -

When an appellant challenges the sufficiency of the convicting evidence, the general standard of review by an appellate court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); Tenn. R. App. P. 13(e). The State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions concerning the credibility of witnesses and the weight and value to be afforded the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Accordingly, in a bench trial, the trial judge, as the trier of fact, must resolve all questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence. State v. Ball, 973 S.W.2d 288, 292 (Tenn. Crim. App. 1998). The trial judge's verdict carries the same weight as a jury verdict. State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978).

A guilty verdict can be based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Hall, 976 S.W.2d 121, 140 (Tenn. 1998). "The [trier of fact] decides the weight to be given to circumstantial evidence, and '[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the [trier of fact].'" State v. Rice, 184 S.W.3d 646, 662 (Tenn. 2006) (quoting Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958)). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009)).

Tennessee Code Annotated section 55-10-401(a)(1) provides that a person commits DUI when the person drives or is in physical control of a vehicle "on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park, or apartment house complex, or any other premises that is generally frequented by the public at large" while the person is under the influence of an intoxicant. A person convicted of DUI, first offense, "shall . . . serve in the county jail or workhouse not less than forty-eight (48) consecutive hours nor more than eleven (11) months and twenty-nine (29) days." Tenn. Code Ann. § 55-10-402(a)(1)(A). A person convicted of DUI, second offense, "shall . . . serve in the county jail or workhouse not less than forty-five (45) consecutive days nor more than eleven (11) months and twenty-nine (29) days." Tenn. Code Ann. § 55-10-402(a)(2)(A).

A prior DUI conviction is merely used to enhance a sentence for DUI and is not an element of DUI, second or subsequent offense. State v. Ronnie Lamar Evans, No. E2000-

00327-CCA-R9-CD, 2001 WL 501414, at *2 (Tenn. Crim. App. at Knoxville, May 11, 2001); see Tenn. Code Ann. § 55-10-405(a). Nevertheless, the State must prove the prior conviction beyond a reasonable doubt. State v. Sanders, 735 S.W.2d 856, 858 (Tenn. Crim. App. 1987); see Tenn. Code Ann. § 40-35-203(3). "A certified computer printout of the official driver record maintained by the department of safety shall constitute prima facie evidence of any prior conviction." Tenn. Code Ann. § 55-10-405(d). If the defendant challenges the prior conviction, "the court may require that a certified copy of the judgment be provided for inspection by the court." Tenn. Code Ann. § 55-10-405(d).

Here, the State introduced a certified copy of the Appellant's 2008 judgment of conviction into evidence at trial. The judgment of conviction showed that the Appellant pled guilty to DUI in general sessions court. Therefore, taken in the light most favorable to the State, the evidence is sufficient to support the Appellant's conviction of DUI, second offense.

The Appellant contends that his sufficiency of the evidence issue "hinges around the validity of his 2008 conviction" and that his 2008 conviction is "clearly void" because the affidavit of complaint was signed by a notary public rather than a clerk or magistrate and because no arrest warrant was issued. However, "unless invalid on its face, a prior judgment of conviction in a court with personal and subject matter jurisdiction cannot be collaterally attacked in a subsequent proceeding in which the challenged conviction is used to enhance punishment." State v. McClintock, 732 S.W.2d 268, 272 (Tenn. 1987). Likewise, "a facially invalid judgment cannot be used to enhance punishment in a subsequent prosecution." State v. Jody Glen Loy, No. E2006-02206-CCA-R3-CD, 2008 WL 2229259, at *6 (Tenn. Crim. App. at Knoxville, May 30, 2008). Tennessee Rule of Criminal Procedure 32(e) provides that a judgment of conviction shall be signed by the judge and entered by the clerk and that the judgment of conviction must include the plea, the verdict or findings, and the adjudication and sentence.

The trial court conducted a pretrial hearing to assess the validity of the 2008 judgment of conviction and ruled that the judgment was facially valid. As noted by the Appellant, this court reviews questions of law de novo with no presumption of correctness. State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006).

The document at issue is the standard general sessions court form. The form can be found on the Administrative Office of the Courts (AOC) website and consists of one page, front and back. The front of the document contains an affidavit of complaint section and a probable cause determination section. The Appellant's written waiver and guilty plea, signed by the Appellant, his attorney, and the judge, and the judgment are on the back of the document. The judgment of conviction bears the general sessions judge's signature; shows that the Appellant entered a guilty plea to DUI and was found guilty of the offense;

and reflects a sentence of eleven months, twenty-nine days to be served as forty-eight hours in jail followed by probation. The judgment of conviction satisfies all of the requirements of Rule 32(e), Tennessee Rules of Criminal Procedure.

In support of his argument that the judgment is void, the Appellant cites State v. Jones, 512 S.W.3d 258 (Tenn. Crim. App. 2016), in which this court affirmed the trial court's holding that the affidavit of complaint was sworn before a notary public rather than a qualified judicial officer and, therefore, was invalid. However, unlike this case, Jones did not involve a defendant's collateral attack of a judgment. Here, the judgment of conviction had to be facially void in order to be inadmissible as proof of the prior conviction. The judgment at issue was not facially void. Therefore, the trial court properly ruled it could be used to enhance the Appellant's sentence to DUI, second offense.

## B. Sentencing

The Appellant contends that the trial court erred by denying full probation except for the statutory minimum jail sentence. The State argues that the trial court properly sentenced the Appellant. We agree with the State.

At the Appellant's sentencing hearing, Mike Groseclose, the Appellant's father, testified that the Appellant was thirty-one years old. When the Appellant was a freshman in high school, he was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD). The Appellant was prescribed Ritalin and took the medication for more than one year. However, his parents "didn't see a big difference" in his behavior, so he stopped taking it. Mr. Groseclose said that in hindsight, "we shouldn't have maybe taken him off of it at that time." Mr. Groseclose said that the Appellant's communication could be "erratic at times." The Appellant knew what he wanted to say but said it "in different ways." Mr. Groseclose stated that the Appellant got "somewhat excited," that the Appellant's ADHD "cause[d] a lot of that problem," and that the Appellant was not very articulate. Regarding the Appellant's ability to learn, Mr. Groseclose thought the Appellant "was probably in his class." However, the Appellant had a few learning disabilities and could not concentrate "long enough . . . to really learn the right way."

Mr. Groseclose testified that he and the Appellant had a "close" relationship and that he saw the Appellant every day. The Appellant lived with his girlfriend, and they had been in a relationship about six years. The Appellant and his girlfriend had a three-year-old son, and the Appellant was in the process of adopting his girlfriend's eight-year-old son from a previous relationship. The Appellant was the only financial provider for his family and worked as a chef at two restaurants. After the Appellant's DUI conviction, he lost his ability to drive. The Appellant worked about eighty hours per week, and Mr. Groseclose drove him to work every day at 4:00 a.m.

Mr. Groseclose testified that if the trial court ordered incarceration, the Appellant's girlfriend and her children could afford to live in their apartment only thirty days before being evicted. Mr. Groseclose said that the Appellant "pays the bills and everything," that the Appellant read to the children, and that the Appellant was "potty training" the three-year-old. The Appellant used to drive the eight-year-old to school every day, and he went with the children to all of their medical appointments. He also tried to help the older child with his homework. Mr. Groseclose said he had not seen the Appellant drink alcohol since his arrest for DUI, which occurred in 2016. The Appellant also seemed to be "on a little better note" and was "more aware of things." Mr. Groseclose said that he was retired and that he could continue to transport the Appellant wherever the Appellant needed to go if the trial court granted alternative sentencing. At the conclusion of Mr. Groseclose's testimony, the Appellant introduced a certified copy of the payments he had made toward his fines and court costs.

The parties discussed the Appellant's presentence report with the trial court. According to the report, the Appellant was a high school graduate and attended Palm Beach Culinary School in Florida but did not complete the program. The Appellant stated in the report that had never been diagnosed with a mental illness or received mental health counseling but that he had been prescribed Adderall as a teenager. The Appellant described his physical health as "fair" due to problems walking after a 2007 car accident in which he broke his leg. The Appellant stated in the report that he no longer consumed alcohol and estimated that he stopped drinking in November 2018. The Appellant did not report any past or current drug use in the questionnaire for his presentence report but reported to the presentence officer that he used marijuana in high school. According to the report, the Appellant denied to the presentence officer that he had a juvenile record; however, the officer noted in the report that the Appellant had a "juvenile history" in that the Appellant tested positive for marijuana, cocaine, and methamphetamine and that the Appellant was "convicted" of marijuana possession in 2008. The report showed that the Appellant worked full time as a cook at the 620 Restaurant in Bristol and part time as a side chef at the Martha Washington Restaurant in Abingdon, Virginia.

The report showed that the Appellant had the following prior misdemeanor convictions: driving while impaired in 2011, vandalism in 2010, DUI in 2008, drug possession in 2008, speeding in 2008, a red-light violation in 2008, two thefts in 2007, and theft in 2005. The report showed that in 2007, the Appellant had two felony burglary convictions and one felony theft conviction. The report also showed several violations of probation.

The trial court noted that the Appellant could have been indicted for DUI, third offense, due to his 2008 DUI and 2011 DWI convictions. The trial court stated that it was

"not really" going to consider the Appellant's juvenile record and that it was not going to put "great emphasis" on his speeding and red-light violations. Nevertheless, the trial court found that enhancement factor (1), that "[t]he defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range," applied to the Appellant's sentence. Tenn. Code Ann. § 40-35-114(1). The trial court also applied enhancement factors (8) that "[t]he defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community," and (10) that "[t]he defendant had no hesitation about committing a crime when the risk to human life was high because "drinking and driving is a very dangerous and risky thing." Tenn. Code Ann. § 40-35-114(8), (10). In mitigation, the trial court applied factors (1), that "[t]he defendant's criminal conduct neither caused nor threatened serious bodily injury," and (13), the "catchall" provision, for the Appellant's positive work history. Tenn. Code Ann. § 40-35-113(1), (13). The trial court found that the enhancement factors outweighed the mitigating factors, merged the Appellant's three convictions, and sentenced him to eleven months, twenty-nine days to be served as one hundred twenty days in jail followed by supervised probation.

This court reviews the length, range, and manner of service of a sentence imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012); see State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012) (applying the Bise standard to alternative sentencing). In determining a defendant's sentence, the trial court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the defendant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also Bise, 380 S.W.3d at 697-98. The burden is on the Appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sent'g Comm'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

Although the trial court should consider enhancement and mitigating factors, the statutory enhancement factors are advisory only. See Tenn. Code Ann. § 40-35-114; see also Bise, 380 S.W.3d at 701; State v. Carter, 254 S.W.3d 335, 343 (Tenn. 2008). Our supreme court has stated that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." Carter, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Id. at 343.

In misdemeanor sentencing, the "trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute." State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998). Thus, the trial court is afforded considerable latitude in misdemeanor sentencing. See State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999). The trial court retains the authority to place a defendant on probation immediately or after a time of confinement. See Tenn. Code Ann. § 40-35-302(a). In sentencing a misdemeanor defendant, the trial court must fix a percentage of the sentence, not to exceed seventy-five percent, that the defendant must serve in confinement before being eligible for release into rehabilitative programs. See Tenn. Code Ann. § 40-35-302(d).

In the instant case, the Appellant had a prior criminal history that included several felonies and numerous misdemeanors. Moreover, the trial court found that the applicable enhancement factors, which the Appellant does not contest, outweighed the applicable mitigating factors. This court does not reweigh mitigating and enhancement factors. See Carter, 254 S.W.3d at 345. We note that in pronouncing the Appellant's sentence, the trial court noted the discrepancy between Mr. Groseclose's testimony that the Appellant stopped drinking alcohol in 2016 and the Appellant's claim in the presentence report that he did not stop consuming alcohol until 2018. Additionally, the trial court commented on inconsistencies mentioned in the Appellant's presentence report. Specifically, the trial court noted that the Appellant claimed in his presentence questionnaire that he had never used drugs but admitted to the presentence officer that he had used marijuana in high school and that the Appellant claimed to the officer that he did not have a juvenile record when "we know that he did." The trial court's comments suggest that it did not find the Appellant particularly credible, which reflects poorly on his potential for rehabilitation. See State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999). We also find it significant that the

Appellant violated several probation sentences in the past. Accordingly, we conclude that the trial court did not abuse its discretion by finding that the Appellant was not an appropriate candidate for full probation after service of the statutory minimum jail sentence.

### III.  Conclusion

Based upon the oral arguments, the record, and the parties' briefs, we affirm the judgments of the trial court.

_____
NORMA MCGEE OGLE, JUDGE