FILED

04/07/2025

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 11, 2025

**STATE OF TENNESSEE v. JAMES ALLEN GOOCH, JR.**

**Appeal from the Criminal Court for Sumner County**
**No. 2009-CR-792    Dee David Gay, Judge**

———————————————————

**No. M2024-00850-CCA-R3-CD**

———————————————————

Pro se Petitioner, James Allen Gooch, Jr., appeals the trial court's summary denial of his third motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that his sentence is illegal because the State failed to procure a valid arrest warrant.  Upon our review, we conclude that the Petitioner has waived this claim for failure to raise it in his trial court motion and that, regardless, this court has already considered and rejected the Petitioner's argument in a previous appeal.  See State v. Gooch, No. M2017-01885-CCA-R3-CD, 2018 WL 3414293 (Tenn. Crim. App. July 13, 2018), no perm. app. filed.  Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, P.J., delivered the opinion of the court, in which JOHN W. CAMPBELL, SR., and KYLE A. HIXSON, JJ., joined.

James Allen Gooch, Jr., Gallatin, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Lytle A. James, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 11, 2011, a Sumner County jury convicted the Petitioner of one count of the sale of not less than one-half ounce of marijuana within 1,000 feet of a school and one count of the attempted sale of one-half grams or more of cocaine in relation to events occurring on January 22, 2009, and February 23, 2009.  State v. Gooch, No. M2011-01135-

CCA-R3-CD, 2012 WL 4358195, at *1 (Tenn. Crim. App. Sept. 25, 2012), perm. app. denied (Tenn. Jan 15, 2013). Following a sentencing hearing, the trial court determined that the Petitioner was a Range III persistent offender and imposed consecutive sentences of twelve- and fifteen-years' incarceration. Id. at *8. On direct appeal, the Petitioner argued that the trial court erred by denying his motion to sever the offenses and by sentencing him as a Range III persistent offender. Id. This court affirmed the Petitioner's convictions. Id. at *1. The Petitioner then filed a petition for post-conviction relief, alleging the ineffective assistance of trial counsel and cumulative error. Gooch v. State, No. M2014-00454-CCA-R3-PC, 2015 WL 498724, at *1 (Tenn. Crim. App. Feb. 4, 2015), no perm. app. filed. The post-conviction court denied this petition, and this court affirmed. Id.

On December 4, 2015, the Petitioner filed his first motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that he had been deprived of pretrial jail credits and that the prison had miscalculated the length of his sentence. State v. Gooch, No. M2016-00359-CCA-R3-CD, 2016 WL 6609712, at *1 (Tenn. Crim. App. Nov. 9, 2016), no perm. app. filed. In denying relief, this court held that the Petitioner had failed to present a colorable claim for relief pursuant to Rule 36.1, noting that both of his sentences were within the appropriate statutory range and that a challenge to the prison's calculation of his sentence should be addressed via the Uniform Administrative Procedures Act. Id. (citing State v. Brown, 479 S.W.3d 200, 213 (Tenn. 2015) and State v. Schofield, 368 S.W.3d 457 (Tenn. 2012)).

On March 15, 2017, the Petitioner filed a second motion to correct an illegal sentence, alleging that the trial court erred by considering a prior misdemeanor conviction in determining that he qualified as a Range III persistent offender. Gooch, 2018 WL 3414293, at *1. The trial court granted this motion, concluded that his sentences were "void," and ordered a new sentencing hearing. Id. Following a resentencing hearing, the trial court concluded that the Petitioner was a Range II multiple offender and imposed consecutive sentences of six- and ten-years' incarceration. Id. at *2. The Petitioner appealed his resentencing, arguing, among other claims, that the trial court did not have jurisdiction to either convict or sentence him because the State failed to procure a valid arrest warrant charging him with the offenses for which he was convicted. Id. at *5. In consideration of this claim, this Court held:

> "Sentencing is jurisdictional and must be executed in compliance with the 1989 [Sentencing] Act." McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000). [The Petitioner] argues that "the trial court did not have jurisdiction to convict or sentence [him] because the State did not have an arrest warrant charging him with these offenses." [The Petitioner] relies on State v. Jones,

512 S.W.3d 258 (Tenn. Crim. App. 2016)[,] to support his argument. This court stated in Jones:

> [T]he form affidavit of complaint did not conform to the requirements of an arrest warrant. Chiefly, it did not contain an "order that the defendant be arrested and brought before the nearest appropriate magistrate in the county of arrest." Tenn. R. Crim. P. 4(c)(1)(E). It appears that the form affidavit of complaint was drafted under the mistaken belief that attaching a "probable cause determination" to the affidavit of complaint was sufficient to commence prosecution for warrantless arrests. This is evidenced by the fact that beneath the "probable cause determination," options for an arrest warrant or criminal summons to "issue" were listed but they were left unchecked in favor of a notation that the defendant had been "arrested without warrant."

Id. at 263.

In Jones, a notary public, rather than a qualified judicial officer, signed the affidavit of complaint. Id. Therefore, the Jones affidavit was invalid because it did not meet procedural and constitutional requirements. Id. at 264. Thus, any arrest warrant issuing from the Jones affidavit would have also been invalid. Id. [The Petitioner's] case is distinguishable from Jones because the clerk, who was authorized to issue the arrest warrant as a qualified judicial officer, signed both the affidavit of complaint and the arrest warrant. See Tenn. R. Crim. P. 4(a) (stating "the magistrate or clerk shall issue an arrest warrant") (emphasis added); see generally Jones, 512 S.W.3d at 264. The affidavit of complaint in the present case has a properly issued "order that the defendant be arrested[.]" Tenn. R. Crim. P. 4(c)(1)(E). Therefore, the arrest warrant is valid, and [the Petitioner] is not entitled to relief.

Gooch, 2018 WL 3414293, at *5.

On May 4, 2024, the Petitioner filed a third motion to correct an illegal sentence, from which this appeal arises. In his motion, the Petitioner stated that the trial court reduced his effective sentence of twenty-seven years to sixteen years following his second motion to correct an illegal sentence. However, the Petitioner went on to allege that during this court's consideration of his resentencing in Gooch, 2018 WL 3414293, we concluded that his sentence was "void." He also argued that "when a judgment [or] sentence is illegal[,] then all parts of said sentence [or] judgment is void." The Petitioner noted that a

- 3 -

"judgment is void if the face of the judgment reveals that the [trial court] was without jurisdiction or authority to issue it" and that "a void sentence, as well as a void conviction, may result in a void judgment." On May 20, 2024, the trial court summarily denied the Petitioner's claim, noting that it was "amazed" at the Petitioner's "completely factually incorrect argument" regarding this court's holding in his previous appeal. This timely appeal followed.

## **ANALYSIS**

On appeal, the Petitioner argues both that "[t]he warrant in this case does not charge [him] with any offense" and that "the State's lack of procuring a warrant after issuing an affidavit of complaint voids [the Petitioner's] prosecution [and] voids the finding of guilt." He contends that his sentence is illegal because the State did not have jurisdiction to prosecute him without a valid warrant. The State responds that the Petitioner's argument is waived because he did not raise it in his motion to correct an illegal sentence and that regardless, this court has already ruled upon the Petitioner's claim in a previous appeal.

Pursuant to Tennessee Rule of Criminal Procedure 36.1, a defendant may file a motion to correct an illegal sentence at any time before the sentence expires. Tenn. R. Crim. P. 36.1(a)(1). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). "If the court determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." Tenn. R. Crim. P. 36.1(b)(2). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015). Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, which this court reviews de novo. Id. at 589 (citing Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007)).

Initially, we note that while the sum of the Petitioner's appellate argument is that the arrest warrant was invalid, his trial motion did not address this claim. Instead, the Petitioner's motion presented a brief statement of the law and argued that he had been resentenced in a "void case" following his successful motion to correct an illegal sentence. The Petitioner also asserted that this court found his sentence to be "void" in Gooch, 2018 WL 3414293.[1] Though we generally afford pro se litigants greater leniency than lawyers,

---

[1] Like the trial court, we disagree with the Petitioner's characterization of this court's holding in that case. Rather than pronouncing the Petitioner's sentence illegal or "void," this court affirmed his sentence following a resentencing hearing, concluding that the State had not waived its ability to seek a Range II sentence, that the trial court had jurisdiction to convict and sentence him following a valid arrest warrant, and that his argument regarding the admission of his presentence report was waived. Gooch, 2018 WL 3414293, at *1.

- 4 -

they nevertheless are not "entitled to shift the burden of litigating their case to the courts." State v. Benson, No. W2017-01276-CCA-R3-CD, 2018 WL 4562928, at *3 (Tenn. Crim. App. Sept. 21, 2018) (citing Chiozza v. Chiozza, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009)). We can discern no reference in the Petitioner's trial court motion to his appellate argument that his sentence is illegal because of an illegal arrest warrant. Accordingly, the Petitioner has waived our consideration of this issue by failing to present it first to the trial court. See Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."); State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995) ("A party may not raise an issue for the first time in the appellate court."); State v. Johnson, No. M2023-01477-CCA-R3-CD, 2024 WL 2795847, at *2 (Tenn. Crim. App. May 31, 2024), perm. app. denied (Tenn. Dec. 10, 2024) ("Because the petitioner failed to raise the claims at the trial level [in his motion to correct an illegal sentence], the issues are waived.").

Furthermore, even if the Petitioner's challenge to the validity of the arrest warrant was preserved for our review, this court has already considered this argument and denied relief. On appeal of his resentencing following his second motion to correct an illegal sentence, the Petitioner argued that "the trial court did not have jurisdiction to convict or sentence him because the State did not have an arrest warrant charging him with the present offenses." Gooch, 2018 WL 3414293, at *1. This court assessed the arrest warrant and found it valid. Id. at *5. As the Tennessee Supreme Court has explained,

> [U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication.

Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd., 975 S.W.2d 303, 306 (Tenn. 1998) (citations omitted). Additionally, "Rule 36.1 may not be used to relitigate those issues that have been previously determined." State v. Brown, No. M2014-01754-CCA-R3-CD, 2016 WL 987641, at *2 (Tenn. Crim. App. Mar. 15, 2016). Because we have already adjudicated the claim the Petitioner presents for our review, we conclude that he is not entitled to relief.

## CONCLUSION

Based on the foregoing reasoning and analysis, the judgment of the trial court is affirmed.

s/            Camille            R. McMullen_____
CAMILLE R. MCMULLEN, PRESIDING JUDGE